490 So.2d 204 (1986)
Sharon M. MILLS, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1818.
District Court of Appeal of Florida, Third District.
June 24, 1986.
Bennett H. Brummer, Public Defender, and Harold Mendelow, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Michele L. Crawford, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
Sharon Mills raises several points on appeal of her conviction and sentence for manslaughter in the shooting death of her mother. We find merit in Mills's contention that it was error for the trial court to deny a jury instruction on self defense and we reverse.
The record reveals that Mills's mother recently moved in with Mills. Mills had expressed some reservations about this living arrangement to a friend because both Mills and her mother had a drinking problem and Mills said her mother had organic brain syndrome.
On the night in question, Mills phoned a friend, Gail Davis, at 2:00 a.m. and said she had just shot her mother and her mother *205 was dead. Davis told Mills to phone the police and then to call back. Davis testified that when Mills called back she said that her mother had been "badgering her and badgering her," so she took a gun out to scare her, so that her mother would stop. She said her mother had hit her on the nose, that she (Mills) had blood on her nightgown and that it "didn't look good."
The officer who responded to the call testified that Mills had said that she and her mother were practicing self defense techniques while she held the handgun and that she slipped and the gun went off.
An expert testified that the victim had some contusions on her hands and on one arm, and a bruised right fist.
Mills testified at trial that while she and her mother were unpacking boxes they heard noises outside. She took the gun out to show her mother how to fire the gun, but her mother grabbed her arm and hit her in the nose. Mills, fearing that her mother might harm herself with the gun, held onto it. The gun went off accidentally and her mother fell to the ground. Mills further testified that she told Davis that her mother was "battering her" not "badgering her."
Defense counsel requested an instruction on justifiable use of deadly force including self defense at the jury charge conference. The court denied this request. This was error. As one court has said:
It is not the quantum or the quality of the proof as to self-defense that determines the requirement for giving the charge. If any evidence of a substantial character is adduced, either upon cross-examination of State witnesses or upon direct examination of the defendant and/or his witnesses, the element of self-defense becomes an issue, and the jury, as the trier of the facts, should be duly charged as to the law thereon, because it is the jury's function to determine that issue.
Kilgore v. State, 271 So.2d 148, 152 (Fla. 2d DCA 1972).
The state contends that an instruction on self defense would have been inappropriate because defendant's testimony was inconsistent with such a defense. Pimentel v. State, 442 So.2d 228 (Fla. 3d DCA 1983). However, "`inconsistencies in defenses in criminal cases are allowable so long as the proof of one does not necessarily disprove the other.'" Mellins v. State, 395 So.2d 1207, 1210 (Fla. 4th DCA 1981) (quoting Stripling v. State, 349 So.2d 187, 191 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1220 (Fla. 1978)). In the present case, proof that the shooting was accidental, as Mills maintains, does not disprove that Mills was acting in her own self defense. Therefore, the trial court should have instructed the jury on self defense. Accordingly, we
Reverse and remand for a new trial.
SCHWARTZ, C.J., and NESBITT, J., concur.
HENDRY, J., dissents.