588 So.2d 44 (1991)
Tony Anthony WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2744.
District Court of Appeal of Florida, First District.
October 24, 1991.
Rehearing Denied November 14, 1991.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
Tony Anthony Williams raises several points in appealing his conviction and sentence for the aggravated battery of Hodges Lamar Minor. We hold that the trial court erred in refusing to instruct the jury on the use of force in defense of another and therefore reverse.
*45 Williams gave the following testimony at trial. On March 29, 1990, he was sharing a mobile home with Minor and Minor's girlfriend, Ethel Barnes. Williams came home from work to find Minor and Barnes talking and drinking from a half-empty liquor bottle. Williams went into his room in the mobile home and began to cut molding strips with a carpenter's knife, described as "an aluminum-type knife with a slide top." Minor and Barnes began to argue and curse in their room. When Williams heard a window break, he went to their room, out of concern for Barnes's safety. (Williams knew that the couple had had violent fights before and that Minor had recently kicked Barnes in the mouth. He still had the carpenter's knife in his hand as he went to the couple's bedroom.) Williams found Minor and Barnes holding each other's arms, so he stepped between them to separate them. When they separated, Minor grabbed Williams and they started "to tussle." Both tripped on a vent in the floor and fell. During the fall, the knife slipped open and struck Minor in the shoulder. Williams specifically denied intentionally stabbing Minor.
Williams's counsel requested instructions on the use of force in self defense and in defense of another. He now argues that the court's denial of those requests was error. The state responds that Williams was not entitled to an instruction on self defense or defense of another because Williams's testimony that the cutting was accidental was inconsistent with both defenses.
A defendant is entitled to an instruction as to his theory of defense if there is any evidence to support it. Brown v. State, 431 So.2d 247 (Fla. 1st DCA 1983). This is true even if the only evidence of the defense is provided by the defendant's own testimony, and even if that testimony is weak or improbable. Holley v. State, 423 So.2d 562 (Fla. 1st DCA 1982); Taylor v. State, 410 So.2d 1358 (Fla. 1st DCA), rev. denied, 418 So.2d 1281 (Fla. 1982).
A defendant's assertion that his injury of another was accidental will generally preclude an instruction on self defense or defense of another. See Pimentel v. State, 442 So.2d 228 (Fla. 3d DCA 1983), rev. denied, 450 So.2d 488 (Fla. 1984). This is so because these defenses involve an admission and avoidance. Normally, a claim that injuries were inflicted accidentally will be so inconsistent with a claim of self defense or defense of another as to logically preclude an instruction on either defense.
However, where there is evidence indicating that the accidental infliction of an injury and the defense of self defense or defense of another are so intertwined that the jury could reasonably find that the accident resulted from the justifiable use of force, an instruction on self defense or defense of another is not logically precluded. Under such circumstances, the assertion that the injury was unintended or accidental does not disprove the defendant's claim that he was acting in self defense or in defense of another. Accordingly, under these circumstances, the appropriate defensive instruction should be given. See Mills v. State, 490 So.2d 204 (Fla. 3d DCA), rev. denied, 494 So.2d 1153 (Fla. 1986); and Hunter v. State, 378 So.2d 845 (Fla. 1st DCA 1979). Cf. Foreman v. State, 47 So.2d 308 (Fla. 1950); and Pinder v. State, 27 Fla. 370, 8 So. 837, 841 (1891) (a defendant is entitled to an instruction on self defense where his accidental injuring or killing of a person grows out of his exercise of self defense against a third person).
In the case before us, Williams's assertion that Minor was accidentally injured was not inconsistent with his testimony that the injury grew out of his efforts to defend Ethel Barnes from being further injured by Minor. He was therefore entitled to an instruction on the use of force in defense of another.
Williams's claim that he was entitled to an instruction on self defense presents a closer question because his testimony suggests that his intervention and the ensuing "tussle" were motivated by a perceived need to defend Barnes rather than to defend himself. The determination of whether to give a self defense instruction upon *46 retrial should, of course, depend upon the evidence presented at the trial.
Because of our determination that this case must be retried, we do not address Williams's other points, all of which relate to his sentence. The judgment and sentence are reversed and this cause is remanded for a new trial.
WIGGINTON and WOLF, JJ., concur.