613 So.2d 1362 (1993)
Bonnie KIERNAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2506.
District Court of Appeal of Florida, Fourth District.
February 17, 1993.
*1363 Philip G. Butler, Jr., West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We reverse the appellant's second degree murder conviction. It was error to deny a requested jury instruction on the justifiable use of force. Vazquez v. State, 518 So.2d 1348 (Fla. 4th DCA 1987); Williams v. State, 588 So.2d 44 (Fla. 1st DCA 1991); Mills v. State, 490 So.2d 204 (Fla. 3d DCA), rev. denied, 494 So.2d 1153 (Fla. 1986); Kilgore v. State, 271 So.2d 148 (Fla. 2d DCA 1972). Appellant made several conflicting statements to the police as to how and why the victim was stabbed. These statements, taken in part, could be used to support or rebut claims of suicide, accidental death, intentional homicide, or self defense.
The appellant and victim lived together. There was evidence of the victim's acts of physical violence on the night in question as well as of the victim's previous abuse of the appellant. Evidence also showed that the victim tried to prevent the appellant from leaving the house on that night. Their violent altercation culminated in the kitchen where the victim picked up a knife and pointed it at himself.
Portions of the appellant's statement in evidence support the justifiable use of force theory:
Q. You pushed it  you pushed it on purpose?
A. Uh-huh. But I didn't mean to hurt him.
Q. You didn't mean to kill him?
A. No.
Q. But you did mean to push it?
A. Yes. I didn't really want to hit at him.
Q. You knew it was going to cut him, though?
A. Yes, a little bit.
Q. More or less to scare him?
A. Yes.
Q. So he wouldn't do it anymore?
A. Yes.
Q. You just wanted to get the hell out of the house, right?
A. Yes.
* * * * * *
Q. I think, I think you meant to push it.
A. Yeah, just a little bit, you know.
* * * * * *
A. I wanted to get out, I tried to get out of the house for a little bit. He had both doors locked. He had both locks on the door. He had locks on the door. First he wouldn't let me out, so that's when I (inaudible).

*1364 Q. Come on.
You wanted to get the heck out of there and you wanted him to leave you alone?
A. Yes.
Q. So by pushing that knife you were going to be able to get the hell out of there?
A. Yes.
Q. Right?
A. Yes, because he'd probably kill me, too. I don't know. He wasn't going to let me  he tells me to leave and then he (inaudible). He says, I'll die. I will kill you before you get out of this door, you know.
Q. Is that why you pushed the knife?
A. Yes, I guess so.
Q. No, I'm having 
A. I don't really know. Yes. I don't know really why I did. You know, just to scare him a little bit I guess, you know. I guess.
The appellant's statements, albeit conflicting, when coupled with evidence of the victim's violent abuse of appellant and his efforts to keep her from leaving, support the requested instruction notwithstanding her acknowledgment that the victim was not pointing the knife at her.
The state argues that the requested defense instruction is inconsistent with the defense counsel's theory expressed in final argument, and appellant's statement to the court at the sentencing hearing, that the killing was accidental. Although these subsequent defense positions may be inconsistent with a self defense theory, they do not constitute a waiver of the erroneous ruling on the requested defense instruction. We note that once the court denied the requested instruction, counsel could not assert a self defense theory of the facts in the final argument, leaving counsel little alternative but to emphasize those other portions of defendant's statements to the police indicating that the killing was accidental.
The court in Kilgore, concluding that it was error to deny an instruction on justifiable use of force, said, with appropriate emphasis,
It is not the quantum or the quality of the proof as to self-defense that determines the requirement for giving the charge. If any evidence of a substantial character is adduced, either upon cross-examination of State witnesses or upon direct examination of the defendant and/or his witnesses, the element of self-defense becomes an issue, and the jury, as the trier of the facts, should be duly charged as to the law thereon, because it is the jury's function to determine that issue.
271 So.2d 148, 152.
In Mills, the defendant, convicted of manslaughter by shooting her mother, made similar inconsistent statements. There, the defendant told a friend that she had taken the gun out to scare and stop her mother, who was "badgering" her. But she told the police that the gun went off accidentally when she slipped while practicing self defense techniques with the victim. The defendant later testified both that she had told her friend that her mother was "battering" not "badgering" her, and that the gun fired accidentally when her mother had grabbed her arm and hit her in the nose while she was showing her mother how to fire it. The court concluded:
The state contends that an instruction on self defense would have been inappropriate because defendant's testimony was inconsistent with such a defense. Pimentel v. State, 442 So.2d 228 (Fla. 3d DCA 1983). However, "`inconsistencies in defenses in criminal cases are allowable so long as the proof of one does not necessarily disprove the other.'" Mellins v. State, 395 So.2d 1207, 1210 (Fla. 4th DCA 1981) (quoting Stripling v. State, 349 So.2d 187, 191 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1220 (Fla. 1978)). In the present case, proof that the shooting was accidental, as Mills maintains, does not disprove that Mills was acting in her own self defense. Therefore, the trial court should have instructed the jury on self defense.
As for the other issue raised, concerning the sufficiency of the evidence to establish the corpus delicti, we find no error.
*1365 The judgment and sentence are reversed and the cause remanded for a new trial.
OWEN, WILLIAM C., Jr., Senior Judge and BRESCHER, GEORGE A., Associate Judge, concur.