GUNTHER, Judge.
Willie Shells (Shells) appeals from his judgment and sentence for battery on a law enforcement officer. On appeal, Shells asserts for the first time that the trial court should have sua sponte given a jury instruction on self-defense and that the failure to do so constituted fundamental error. We disagree and affirm.
At trial, defense counsel’s only theory of defense was that conflicts in the testimony would lead to a reasonable doubt of the defendant’s guilt. Shells’ defense attorney did not argue self-defense, did not request a self-defense instruction, and did not object to the instructions given to the jury. We conclude that under these facts, the trial court’s failure to give a self-defense instruction did not constitute fundamental error.
This case differs from Thomas v. State, 526 So.2d 183 (Fla. 3d DCA), rev. denied, 536 So.2d 245 (Fla.1988), because that case concerned the trial court’s failure to instruct on the defendant’s only defense at trial. In this ease, the jury was properly instructed on reasonable doubt and the elements of the offense the State had to prove. Accordingly, Shells was not precluded from presenting the theory of defense that his attorney argued at trial. This case also differs from Vazquez v. State, 518 So.2d 1348 (Fla. 4th DCA 1987), where defense counsel requested a self-defense instruction but the trial court neglected to give it. To find fundamental error in this case would place an unrealistic burden on the trial judge concerning trial tactics and strategy that should be left to defense counsel. See State v. Smith, 573 So.2d 306, 310 (Fla. 1990). Thus, we hold that the trial court’s failure to instruct on self-defense did not constitute fundamental error.
AFFIRMED.
GLICKSTEIN and STONE, JJ., concur.