856 So.2d 1101 (2003)
Joseph GOODE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1542.
District Court of Appeal of Florida, First District.
October 22, 2003.
*1102 Nancy A. Daniels, Public Defender; Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Joseph Goode, appeals his judgment and sentence for aggravated battery, contending that the trial court erred in denying his request for a jury instruction on the defense of others.[1] Concluding that the trial court erred in *1103 failing to give the requested instruction, we reverse and remand for a new trial.
The State charged appellant with attempted second-degree murder based upon appellant's involvement in a physical altercation in the apartment of Deidra Banks, the sister of Ernest Banks, a close friend of appellant's. Mark Williams, the victim, had kept Deidra Banks's car for two days without her permission, and on the night of the incident, Ernest Banks and appellant had planned to help Deidra Banks recover possession of her car. Upon arriving at Deidra Banks's apartment, Ernest Banks and appellant encountered Williams, and a fight ensued. The parties gave conflicting testimony as to who instigated the fight but, by all accounts, the fight began almost immediately upon the men's entry into the apartment. The struggle lasted only a few minutes, at which time appellant and Ernest Banks left the apartment, leaving Williams with approximately seventeen stab wounds.
During appellant's trial, the primary evidence in the case establishing that appellant had knowledge of the victim's violent propensities and that appellant was acting in defense of those around him came in the form of appellant's written statement given to Robert Nelson, a homicide detective who interviewed appellant after his arrest. Nelson read appellant's written statement into evidence, stating as follows:
The night in question, I was called by Ernest Banks to drive his sister's car to his sister's place. Before arriving his sister called him several times sounding frantic saying that Mark [Williams, the victim] says he is on his way back to her place and he will be there in thirty minutes.
Recently learning that he has pulled a gun on her before I felt it might be trouble so I had a knife for protection. I didn't know if he would pull a gun on me for trying to retrieve the car.
On arrival to Ernest sister's place we see Mark rush up to the apartment looking irate. We follow [sic] behind to make sure nothing happened to his sister. The apartment door was half way open before we enter [sic]. We could see Mark yelling at Ernest [sic] sister, his back toward us.
Right at entering the threshold of the door Mark turned, rushed toward us. At that moment I felt my life was in danger. I then got my knife and stabbed in defense of my life. We all was [sic] in a scuffle together and we all fell on a glass table. The guy was bigger than me and he looked like he was on some sort of drugs because he was still punching me and Ernest and grabbing us.
I didn't know how many times he was stabbed but I honestly was defending my life. After exhaustion of the scuffle me and Ernest left....
Additional testimony elicited from Ernest Banks on cross-examination, and from Deidra Banks on direct examination, conflicted with Williams' testimony as to the series of events culminating in the parties' altercation. Ernest Banks testified that Williams stood up and lunged at them when they entered the apartment, and Deidra Banks testified that when Williams entered her apartment, he began pacing across the floor, saying, "Let me explain." Williams' own testimony was that he entered the apartment and sat quietly on the couch, as Deidra Banks had instructed him, until she opened her front door and two men entered and began to charge him. Deidra Banks also testified that, after Williams arrived, she requested that the police be called because she was afraid that he was going to go into an "outrage," as he was apparently prone to do. At the *1104 close of all the evidence, appellant renewed his earlier motion for judgment of acquittal and requested a jury instruction on defense of others. The trial court denied both the motion and the request. The trial court stated that it would have granted a request for an instruction on defense of others but for appellant's decision to defend upon the grounds that the State had not met its burden of proof. After the trial court instructed the jury as to justifiable attempted homicide, excusable attempted homicide, attempted second-degree murder, and the lesser included crimes of aggravated battery and battery, the jury returned a verdict of guilty on the lesser included offense of aggravated battery. Appellant was subsequently sentenced to five years' imprisonment. This appeal followed.
Although we review the trial court's ruling on whether to admit or exclude a jury instruction only for an abuse of discretion, that discretion is fairly narrow because appellant is entitled, upon request and by law, to have the jury instructed on his theory of defense if any evidence supports that theory, so long as the theory is valid under Florida law. See Palmore v. State, 838 So.2d 1222, 1223 (Fla. 1st DCA 2003) (emphasis in original) (citing Mora v. State, 814 So.2d 322 (Fla. 2002); Bozeman v. State, 714 So.2d 570, 572 (Fla. 1st DCA 1998)); Langston v. State, 789 So.2d 1024, 1026 (Fla. 1st DCA 2001) (citing Gardner v. State, 480 So.2d 91 (Fla.1985); Rockerman v. State, 773 So.2d 602, 603 (Fla. 1st DCA 2000)). In determining whether to give a requested instruction, the trial court should consider the evidence presented without weighing the evidence, as the latter is a task for the jury. Rockerman, 773 So.2d at 603; see also Wright v. State, 705 So.2d 102, 105 (Fla. 4th DCA 1998) (holding that "a defendant is `entitled to a jury instruction on his theory of the case if there is any evidence to support it,' no matter how flimsy that evidence might be.") (citations omitted; emphasis in original); Taylor v. State, 410 So.2d 1358, 1359 (Fla. 1st DCA 1982) (holding that a defendant is entitled to his requested instruction no matter "how weak or improbable his testimony may have been with respect to the circumstances" leading to the commission of the offense). The evidence supporting appellant's theory may be adduced from cross-examination of State witnesses or direct examination of the defense witnesses. See Wright, 705 So.2d at 104 (citing Kilgore v. State, 271 So.2d 148, 152 (Fla. 2d DCA 1972)).
A person is justified in the use of deadly force only if he or she reasonably believes such force is necessary to prevent the imminent commission of a forcible felony against a person who is a member of his or her immediate family or household or to protect himself, herself, or another from imminent death or great bodily harm. §§ 776.012, .031, Fla. Stat. (2000). Thus, an instruction on defense of others is cognizable under Florida law. See Palmore, 838 So.2d at 1223; see also Hancock v. State, 276 So.2d 223, 225 (Fla. 1st DCA 1973) (noting that the appellant would be entitled to an instruction on the defense of others where there was conflicting evidence as to whether the appellant shot the victim in defense of his nephew or whether the appellant was engaged in the fight against the victim along with his nephew). In addition, inconsistencies in criminal defense theories are permissible unless the proof of one theory necessarily disproves the other. Kiernan v. State, 613 So.2d 1362, 1364 (Fla. 4th DCA 1993) (citations omitted).
In the instant case, the trial court denied appellant's requested instruction, reasoning that appellant's defense that the *1105 State had not met its burden of proof and his claim of defense of others were mutually exclusive. However, the defense that the State had not met its burden of proof did not exclude appellant's claim that he acted in the defense of others. See id. Furthermore, based upon appellant's statements, the conflicting testimony of Ernest Banks and Williams as to who began the altercation, and Deidra Banks's testimony regarding her concern that Williams might become angry or violent, appellant presented, at the least, some evidence supporting his theory that he acted in the defense of others. Thus, we agree with appellant that the denial of his requested instruction prevented him from presenting a valid defense. The trial court should have given the jury the opportunity to weigh this evidence, regardless of the court's own view of such evidence, in light of the applicable law on defense of others. Accordingly, because the trial court erred in failing to give appellant's requested jury instruction on the defense of others, we are constrained to reverse appellant's judgment and sentence and remand for a new trial. See Palmore, 838 So.2d at 1224-25; see Wright, 705 So.2d at 105 (reversing and remanding for a new trial because the trial court erred in denying the appellant's requested self-defense instruction when the jury, if it had believed the appellant's version of the facts and had been properly instructed, could have concluded that the appellant's actions were defensive and reasonable, even when the appellant testified that she did not remember important facts central to the charges against her); Johnson v. State, 634 So.2d 1144, 1145 (Fla. 4th DCA 1994) (reversing and remanding for a new trial because the trial court failed to give the requested instruction of self-defense, when the appellant provided circumstantial evidence from which a jury could infer that the appellant believed his conduct was reasonably necessary for his own defense).
REVERSED and REMANDED for a new trial.
WOLF, C.J., LEWIS and POLSTON, JJ., CONCUR.
NOTES
[1] Although not raised as a separate issue on appeal, within his argument that the trial court erred in failing to give the defense of others instruction, appellant also argues that it was fundamental error for the trial court to fail to instruct the jury on self-defense. However, he concedes that this issue was not raised at trial. Because this issue was not raised below, it is deemed waived. See Wuornos v. State, 644 So.2d 1012, 1020 (Fla.1994). The trial court's failure to give an instruction unnecessary to prove an element of the crime, such as the affirmative defense of self-defense, is not fundamental error. See Holiday v. State, 753 So.2d 1264, 1268 (Fla.2000); cf. Shells v. State, 642 So.2d 1140, 1141 (Fla. 4th DCA 1994) (holding that to label the trial court's failure to give a jury instruction on self-defense as fundamental error, when the defense did not request such an instruction, "would place an unrealistic burden on the trial judge.")