919 So.2d 647 (2006)
James McCRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1167.
District Court of Appeal of Florida, First District.
January 26, 2006.
*648 Nancy A. Daniels, Public Defender, and Richard M. Summa, Assistant Public Defender, Tallahassee, Attorneys for Appellant.
Charlie Crist, Attorney General, and Sherri Tolar Rollison, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
THOMAS, J.
Appellant seeks review of his conviction and sentence for aggravated stalking, arguing that the trial court committed reversible error when it excluded evidence at trial proffered to refresh the witness' recollection. In addition, Appellant argues that the trial court reversibly erred when it excluded impeachment evidence proffered at trial. We agree that these are not harmless errors, and therefore reverse and remand for a new trial.
The first issue presented is whether the trial court properly excluded evidence proffered at trial to refresh the recollection of the minor witness, who testified that Appellant approached her. The defense requested that the witness be able to refresh her recollection with a police report. The trial court denied the request because the police report contained a description given by the witness to her mother, and then relayed from the mother to the officer preparing the report. The trial court ruled that the police report could not be used to refresh the witness' recollection because it was not her own statement.
The second issue arose when the defense requested that the officer be able to testify about the physical description included in the police report given by the *649 mother of the minor witness. The trial court reviewed the testimony of the witness' mother and ruled that the officer could not testify regarding a previous identification because it was double hearsay and not trustworthy for impeachment purposes.

Standard of Review of Trial Court's Evidentiary Rulings
As a general rule, a trial court's ruling on the admissibility of evidence will not be reversed, absent an abuse of discretion. Globe v. State, 877 So.2d 663, 673 (Fla.2004); Russ v. State, 832 So.2d 901, 910 (Fla. 1st DCA 2002). However, a court's discretion is limited by the evidence code and applicable case law. A court's erroneous interpretation of these authorities is subject to de novo review. Gilliam v. Smart, 809 So.2d 905 (Fla. 1st DCA 2002). We find here that the trial court's rulings were an incorrect application of law and, therefore, an abuse of discretion.

Analysis and Harmless Error Review
We find that the trial court abused its discretion when it refused to allow defense counsel to utilize the police report to attempt to refresh the minor witness' recollection. Even if a statement is inadmissible as hearsay, it may still be used to refresh recollection, as long as a party is not unduly prejudiced by the process. Garrett v. Morris Kirschman & Co., 336 So.2d 566, 569 (Fla.1976). Therefore, because inadmissible hearsay evidence may be used to attempt to refresh recollection, the trial court erred in its decision as a matter of law.
Second, the trial court abused its discretion when excluding evidence which was proffered for impeachment. Defense counsel sought to impeach the minor witness' mother with her description of Appellant which was provided to the police officer and included in his report. Defense counsel argued that Appellant should be allowed to call the police officer to testify to this matter. We find that because the evidence was to be used to impeach the mother's testimony, rather than to prove the content of the statement, it was not hearsay. § 90.801(1)(c), Fla. Stat. (2004); Morrison v. State, 818 So.2d 432, 446-47 (Fla.2002) (holding that third-party statements are admissible to impeach witness when they are not offered to prove the truth of the matter asserted). Thus, the trial court erred in excluding this proffered evidence. King v. State, 684 So.2d 1388 (Fla. 1st DCA 1996).
Although Appellee does not assert harmless error in its brief, we must address that issue. Goodwin v. State, 751 So.2d.537, 545 (Fla.1999) ("The solemn obligation of the Court to perform an independent harmless error review . . . is so critical to the appellate function . . . even when the State has not argued that the complained of error was harmless."). We have carefully reviewed the record and determined that the trial court's errors were not harmless. The trial court's errors prevented Appellant from introducing evidence that could have established reasonable doubt regarding the identity of the perpetrator, a key issue at trial. While there was other evidence introduced establishing Appellant's identity, we cannot find beyond a reasonable doubt that the errors did not affect the verdict. Accordingly, we reverse Appellant's conviction and remand this cause to the trial court for a new trial.
REVERSED and REMANDED.
KAHN, C.J., and PADOVANO, J., concur.