SWANSON, J.
Wayne Martin (“Appellant”) was found guilty by a jury of aggravated assault on a law enforcement officer. Judgment was entered in accordance with the verdict and Appellant was sentenced to a twenty-year mandatory minimum term of imprisonment. On appeal, Appellant argues that the trial court erred by excluding testimony related to self-defense and by denying his request for a jury instruction related to self-defense. We agree, and reverse and remand for a new trial.
On August 19, 2009, at around 1:00 a.m., deputies from the Walton County Sheriffs *938 Office responded to Appellant’s home after receiving a call to check on his welfare. As the deputies approached Appellant’s home, he asked what they were doing “in his fucking yard.” The deputies identified themselves as law enforcement officers, but Appellant responded, “I got something for /all motherfucking asses. I’m going in the house to get my gun.” Appellant retrieved a shotgun from his home and loaded it in the presence of the deputies. As the deputies were moving away from him, Appellant discharged the firearm.
At trial, Appellant’s defense was not guilty by reason of insanity. To establish his defense, his first witness, Dr. Robert Benson, a board certified psychiatrist, testified that on the night in question Appellant had suffered from a temporary episode of insanity caused by delirium.[1] According to Dr. Benson, delirium could have caused Appellant to act in order to protect himself because he believed his life was in danger. Appellant’s second witness, Dr. James Larson, a clinical psychologist, testified he believed Appellant was experiencing paranoid delusions that night, which would have made him feel as though “people were sneaking up on him.” Further, Dr. Larson stated the paranoia caused Appellant to “fire [the gun] in the air as if it was self-defense.” Although Appellant’s attorney tried to develop this theory of self-defense in greater detail, the trial court disallowed any additional testimony from Dr. Larson regarding self-defense.
Correspondingly, at the conclusion of the trial, the court instructed the jury on the defense of insanity, but refused, over Appellant’s objection, to include an instruction on self-defense. The trial court explained that self-defense was never raised, and for that reason it would not be included in the jury instructions. Appellant urged the trial court to reconsider, but the court responded that self-defense “was not brought up in evidence.” The jury found Appellant guilty as charged. Appellant now argues that the trial court erred by excluding testimony related to self-defense, an error compounded by the court’s refusal to instruct the jury on self-defense.[2]
Generally, a trial court’s decision on the admissibility of evidence will not be reversed absent an abuse of discretion. McCray v. State, 919 So.2d 647, 649 (Fla. 1st DCA 2006). The trial court’s discretion, however, is “limited by the evidence code and applicable case law.” Id. As such, “[a] court’s erroneous interpretation of these authorities is subject to de novo review.” Id.
A defendant has a fundamental right to present witnesses and offer evidence relevant to his defense. Washington v. State, 737 So.2d 1208, 1221 (Fla. 1st DCA 1999) (citing Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973)). It is error for a court to deny the admission of evidence that “tends in any way, even indirectly, to establish a reasonable doubt of [a] defendant’s guilt.” Rivera v. State, 561 So.2d 536, 539 (Fla.1990). “ ‘If there is any possibility of a tendency of evidence to create a reasonable doubt, the rules of evidence are usually construed to allow for its admissibility.’” Washington, 737 So.2d at 1223 (quoting Vannier v. State, 714 So.2d *939 470, 472 (Fla. 4th DCA 1998)). In this respect, Appellant correctly argues he had a right to present a defense, and it was error to deny the admission of evidence indicating that he had acted in self-defense. Evidence that Appellant’s delirium arguably caused him to believe his life was in danger, which would have explained why he discharged his firearm, unquestionably tended to create a reasonable doubt regarding the motivation for his actions.
The State, on the other hand, argues evidence of self-defense was not relevant to Appellant’s defense of insanity. In other words, the State maintains the two defenses under the facts of this case are inconsistent. A defendant, however, is permitted to present inconsistent defenses unless one defense “necessarily disproved] the other.” Belser v. State, 854 So.2d 223, 225 (Fla. 1st DCA 2003) (citing Keyes v. State, 804 So.2d 373 (Fla. 4th DCA 2001)). Nevertheless, we find nothing inconsistent between Appellant’s proffered defenses. See Blocker v. State, 92 Fla. 878, 110 So. 547, 552 (1926) (observing that “ ‘if under the influence of his delusion [the defendant] supposes another man to be in the act of taking his life, and he kills that man as he supposes in self-defense, then he would be exempt from punishment’ ”) (quoting Davis v. State, 44 Fla. 32, 32 So. 822 (1902)). Just as the supreme court observed in Blocker, the evidence tending to show Appellant felt threatened by the deputies at the time of the incident, due to his delirium, would support the theory that he acted in self-defense. As such, the trial court erred by excluding evidence regarding whether Appellant’s mental condition caused him to fear for his life.
Turning to the second part of Appellant’s argument, we agree that the trial court erred by denying the requested jury instruction related to self-defense. A trial court’s ruling on whether to include a jury instruction will be reversed only if the trial court abused its discretion. Goode v. State, 856 So.2d 1101, 1104 (Fla. 1st DCA 2003). The trial court’s discretion, however, is “fairly, narrow because appellant.is entitled, upon request and by law, to have the jury instructed on his theory of defense if any evidence supports that theory, so long as the theory is valid under Florida law.” Id. (citations omitted; emphasis in original). See also Taylor v. State, 410 So.2d 1358, 1359 (Fla. 1st DCA 1982) (“A defendant is entitled to his requested self-defense instruction regardless of how weak or improbable his testimony may have been with respect to the circumstances leading up to the battery.”); Parrish v. State, 113 So.2d 860, 863 (Fla. 2d DCA 1959) (“Regardless of how improbable the defendant’s testimony was, it certainly was not demonstrably false, and as our Supreme Court did ..., we must hold that the trial court erred in refusing a self-defense instruction.”); Wright v. State, 705 So.2d 102, 104 (Fla. 4th DCA 1998) (“A defendant is entitled to a jury instruction on his theory of the case if there is any evidence to support it, no matter how flimsy that evidence might be.”) (Emphasis in original.). To demonstrate that the' refusal to give a jury instruction constitutes reversible error, the complaining party must establish “(1) the requested instruction accurately states the applicable law, (2) the facts in the case support giving the instruction, and (3) the instruction was necessary to allow the jury to properly resolve all issues in the case.” Langston v. State, 789 So.2d 1024, 1026 (Fla. 1st DCA 2001) (citation omitted; internal quotation marks omitted). We apply this test to the instant case.
First, the facts of the present case obviate the necessity to consider whether Appellant’s requested instruction accurately stated the law on self-defense since the trial court denied Appellant any opportunity to proffer an instruction. Second, there *940 was ample evidence in the record to support Appellant’s request for the jury instruction. Dr. Benson testified he believed Appellant suffered from delirium during the incident, which, he testified, can create “[ijdeas that people are against you or trying to hurt you.” Moreover, Dr. Benson noted these ideas are “very common” in cases of delirium. He similarly opined that Appellant’s belief the deputies were “sneaking up on him suggested] that [Appellant] believed he was in danger or some harm was going to come to him.” Finally, Dr. Benson explained that Appellant’s mood fluctuated rapidly, causing him to feel “suicidal one minute [then] fearing in danger of his life or trying to protect himself,” the next. Dr. Larson testified that paranoia caused Appellant to feel threatened. As a result, discharging the firearm was “more like an act of self-defense to scare away people who were sneaking up on him.” Dr. Larson reiterated his belief that “it was paranoia that he took a gun and went outside and fired it up in the air as if it was self-defense.” Clearly, Appellant’s self-defense argument was not weak, improbable, or flimsy, as there was sufficient evidence in the record indicating his condition may have caused him to believe his life was in danger. As such, the instruction on self-defense was “necessary to allow the jury to properly resolve all issues in the case.” Langston, 789 So.2d at 1026.
The State also argues Appellant waived his right to the jury instruction. During the charge conference, counsel for Appellant stated, “There’s no evidence from Mr. Martin that it was self-defense, but — ”. This, the State urges, demonstrates Appellant acknowledged that self-defense was not a viable defense, but the State points to no authority to support this theory. We hold counsel’s statement did not rise to the level of an affirmative agreement to forgo the jury instruction. See State v. Lucas, 645 So.2d 425, 427 (Fla.1994) (noting that error can be waived only if “defense counsel affirmatively agree[s] to or requests] the incomplete instruction”).
Next, the State urges any error the trial court may have made was harmless. We disagree. An error is harmful “[i]f the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Nevertheless, “[h]armless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence.” Id. at 1139. According to the State, the error was harmless because Appellant was able to present a theory of defense: his insanity defense. Moreover, according to the State, the jury was instructed on the insanity defense and could have found Appellant not guilty by reason of insanity. Again, the State does not cite any authority for the proposition that improperly rejecting a valid defense is harmless if the defendant has another defense to offer. On this record, we cannot say that failing to inform the jury that Appellant may have believed he was being threatened, and therefore acted in self-defense, did not affect the verdict beyond a reasonable doubt. To hold otherwise would require this Court to reweigh the evidence as if the error had not occurred. We may not engage in such speculation. Consequently, we hold it was harmful error for the trial court to exclude testimony related to self-defense and to deny Appellant’s request for a jury instruction.
REVERSED and REMANDED for a new trial.
VAN NORTWICK and LEWIS, JJ., concur.

. Dr. Benson explained that delirium is "a very short-term episode of confusion, often disorientation, misperception ... feeling persecuted or in danger or at risk or people are trying to hurt you or cause harm to come to you.”

. Appellant also argues that the trial court erred by using "and/or” between the victims’ names in the jury instruction. We affirm this point without further comment.