[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15753
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-01721-JDW-MAP


JOSE ANTONIO HEREDIA,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 19, 2014)

Before HULL, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Heredia, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, which challenged the validity of his Florida state court conviction and his sentence for aggravated battery. On appeal, Heredia argues that the Florida court's adjudication of his claim of ineffective assistance of counsel was unreasonable because his trial counsel was constitutionally deficient for failing to request a jury instruction on self-defense where his testimony supported a self-defense theory. He further asserts that he had a constitutional right to be served with the exhibits to the State's response to his petition, and the district court violated his Due Process rights by ruling on the petition without requiring the State to serve him with those exhibits.

Upon careful review of the record and consideration of the parties' briefs, we affirm.

## I.

We review a district court's denial of a habeas petition under 28 U.S.C. § 2254 *de novo* and its factual findings for clear error. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). A habeas petition based on ineffective assistance of counsel presents a mixed question of law and fact that we review *de novo. Id.*

A person in custody pursuant to the judgment of a state court shall not be granted habeas relief unless the state court's decision on the merits was

2

(1) "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When a state court's application of governing federal law is challenged, the decision "must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4, 157 L.Ed.2d 1 (2003). The standard of review is "doubly deferential" when a *Strickland* claim is evaluated under the § 2254(d)(1) standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id.* (quotation omitted). A state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set out a two-part inquiry for ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must

3

show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S.Ct. at 2064.  A habeas petitioner claiming ineffective assistance of counsel must succeed on both prongs of the *Strickland* test.  *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001).

"To establish deficient performance, a defendant must show that his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." *Cummings v. Sec'y, Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quotation omitted).  "In judging the reasonableness of counsel's performance, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled [, and performance must fall] . . . . outside the wide range of professionally competent assistance" to be considered deficient.  *Id.* (quotation omitted).  "Courts indulge a strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." *Id.* (quotation omitted).  Strategic or tactical decisions, made after a thorough investigation of the law and facts, "are virtually unchallengeable" in an ineffective assistance claim.  *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066.  Moreover, when a state court makes a factual finding that counsel strategically decided not to pursue a certain defense, that finding is

4

entitled to a presumption of correctness under § 2254(e)(1). *Fotopoulos v. Sec'y Dep't of Corr.*, 516 F.3d 1229, 1233 (11th Cir. 2008).

Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. *Id.* at 693, 104 S.Ct. at 2067. Rather, he must show that the result would have been different. *See id.*

Under Florida law, the offense of simple battery occurs when a person "actually and *intentionally* touches or strikes another person against the will of the other." Fla. Stat. § 784.03(1)(a)1. (emphasis added). Thus, a defendant can avoid a battery conviction by proving that his injury of another was accidental. *See Williams v. State*, 588 So.2d 44, 45 (Fla. Dist. Ct. App. 1991). As a general matter, an assertion of accidental injury will preclude an instruction on self-defense, since self-defense claims require the defendant to admit to the charged conduct. *Id.* However, at least two Florida appellate courts have held that where a defendant's assertions of accidental injury and self-defense "are so intertwined that the jury could reasonably find that the accident resulted from the justifiable use of force," a self-defense instruction should be given. *Id*; *accord Mills v. State*, 490 So.2d 204,

205 (Fla. Dist. Ct. App. 1986).  In order to elevate a simple battery to an aggravated battery, the prosecution must prove an additional element, such as the use of a deadly weapon.  *See* Fla. Stat. § 784.045(1)(a)(2).

Here, the district court correctly found that the state court's decision was not unreasonable.  The record supports the state court's factual finding that counsel strategically decided to forego a self-defense claim, because, based on Heredia's account of the altercation, counsel could have reasonably concluded that the best chance to defeat the aggravated-battery charge was to focus on proving that Heredia did not *intentionally* strike the victim.  Thus, even if counsel could have theoretically pursued both defenses, he was not constitutionally deficient for declining to do so.  *See Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066.

Furthermore, even if Heredia had shown a constitutional deficiency, he failed to satisfy *Strickland*'s prejudice prong.  *See Johnson*, 256 F.3d 1176.  Heredia's trial turned on an evaluation of two conflicting versions of the altercation.  Thus, by finding Heredia guilty of aggravated battery, the jury implicitly credited the victim's testimony over Heredia's.  Because the jury disbelieved Heredia's testimony, the outcome at trial would not have been any different if counsel had requested a self-defense instruction.  *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

## II.

6

We review constitutional claims *de novo*.  *United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006).  The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law."  U.S. Const. Amend. V.  The essence of due process is an opportunity to be heard at a meaningful time and in a meaningful way.  *Reams v. Irvin*, 561 F.3d 1258, 1263 (11th Cir. 2009).

Congress has addressed circumstances under which the clerk may provide copies of documents from the record to a petitioner without cost in a federal habeas proceeding:

> If on any application for writ of habeas corpus an order has been made permitting the petitioner to prosecute the application *in forma pauperis*, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.

Here, the district court's refusal to compel the State to serve the exhibits on Heredia before ruling on his petition did not deny him due process of law.  Heredia was given a copy of the State's answer and had notice that the exhibits had been filed, and was therefore aware of the exhibits that the State was relying on in opposing his § 2254 petition.  Further, a review of the record indicates that Heredia had access to the trial transcript, as he cited specific page numbers in his § 2254 petition.  He would have been sufficiently familiar with the other proceedings to

7

object if there were any material misrepresentations by the State or the district

court.  Therefore, Heredia was not prejudiced by the lack of service.  *See Reams*,

561 F.3d at 1263.  Furthermore, Heredia could have obtained free copies of the

State's exhibits by applying to proceed *in forma pauperis.  See* 28 U.S.C. § 2250.

Accordingly, the State was not constitutionally required to serve Heredia with the

exhibits to its answer.[1]

**AFFIRMED.**

---

[1]    We note that this Court recently held, in <u>Rodriguez v. Florida</u>, __ F.3d __ (11th Cir. April 14, 2014), that the state's failure to provide the referenced appendix documents violated the Federal Rules of Civil Procedure and the Rules Governing Section 2254 Cases.  However, Heredia failed to raise that argument; he has raised only a constitutional right under the Due Process clause.