# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-316
_____

CURTIS JAMES JACKSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Jackson County.
Shonna Young Gay, Judge.

August 10, 2018

PER CURIAM.

Curtis James Jackson appeals his conviction for aggravated battery with a firearm. He raises two issues on appeal, one of which we find meritorious. We reverse and remand for a new trial because the trial court erred by not giving the jury instruction Mr. Jackson sought on the justifiable use of deadly force.

Mr. Jackson and another man had an altercation at a nightclub that ended when Mr. Jackson shot and wounded the victim. The victim testified that he exchanged words with Mr. Jackson and "the next thing I know I had got shot." Mr. Jackson on the other hand testified that the victim escalated the fight when he cornered Mr. Jackson against a wall and began punching him on both sides of the face. He claimed that one of the punches left

him with nerve damage to his eye. More than that, he feared the victim's punches could break his medically vulnerable neck and shoulder. He showed a scar at trial from a cervical surgery, and the jury viewed a video of his interrogation in which Mr. Jackson claimed to have had multiple prior neck and shoulder surgeries and expected additional surgery. Mr. Jackson testified that the victim punching him was a big guy.

Mr. Jackson asserts that on these facts it was error for the court to not give his requested instruction on justifiable use of deadly force. A criminal defendant "is entitled, upon request and by law, to have the jury instructed on his theory of defense if *any* evidence supports that theory, so long as the theory is valid under Florida law." *Goode v. State*, 856 So. 2d 1101, 1104 (Fla. 1st DCA 2003) (emphasis in original). "This is true even if the only evidence of the defense is provided by the defendant's own testimony, and even if that testimony is weak or improbable." *Williams v. State*, 588 So. 2d 44, 45 (Fla. 1st DCA 1991). In determining whether to give the requested instruction, the court may not weigh the credibility of the evidence that supports giving the instruction. *See Chavers v. State*, 901 So. 2d 409, 410 (Fla. 1st DCA 2005). "[I]t is enough if any evidence supports the defense." *Barnes v. State*, 108 So. 3d 700, 702 (Fla. 1st DCA 2013).

Florida law justifies the use of deadly force if someone "reasonably believes that using or threatening to use such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony." § 776.012(2), Fla. Stat. In most cases, a person in a fist fight lacks a sufficient justification to use deadly force. Here, however, we conclude that the jury could have viewed the combined evidence "as reasonably suggestive of a threat [of imminent death or great bodily harm] to a person in appellant's position." *Chavers,* 901 So. 2d at 411.

We therefore REVERSE the judgment and sentence and REMAND for a new trial.

WOLF, OSTERHAUS, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, and M.J. Lord, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Steven E. Woods, Assistant Attorney General, Tallahassee, for Appellee.