# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2216
_____

TERRANCE WASHINGTON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Leon County.
William L. Gary, Judge.

October 21, 2019


B.L. THOMAS, J.

Appellant argues that the trial court erred when it excluded testimony of a defense witness who was familiar with the victim's unusual sexual conduct and advanced sexual knowledge. Appellant was charged with one count of sexual battery on a person less than twelve years of age by a person over eighteen years of age.

The victim testified that one night when Appellant was visiting her mother, he stopped her in the hallway as she was going into her brother's room. Appellant accompanied the victim into her brother's room, made the victim get on top of him, and had her perform oral sex.

At trial, the victim's prior sexual knowledge and experience was at issue. The victim admitted on direct examination and cross examination that she had previously watched videos of adults having sex. She testified that her sister watched sex videos and that her uncle showed her sexual pictures on his phone. She also testified that she had seen her mother have sex before.

The defense proffered a witness who had prior experience interviewing the victim. The State objected, arguing that the prior examination of the victim was irrelevant because it occurred three to four years before the present incident. The witness testified that she became familiar with the victim as the result of an investigation by the Department of Children and Families. There were concerns with the victim rubbing herself in a sexual manner and engaging in inappropriate sexual behavior at school. The victim was able to describe sexual scenes in videos and testified about "humping" with two of her cousins. The witness called the victim's familiarity with sexual activity very surprising for her age.

The trial court granted the State's motion to exclude the defense witness's testimony. The court determined that the information was remote in time and was irrelevant to the current charge against the defendant. The jury found Appellant guilty as charged and he was sentenced to life in prison.

We apply a deferential standard of review to a trial court's ruling admitting or excluding evidence, unless the ruling was based on an interpretation of a rule of law:

> As a general rule, a trial court's ruling on the admissibility of evidence will not be reversed, absent an abuse of discretion. *Globe v. State,* 877 So.2d 663, 673 (Fla.2004); *Russ v. State,* 832 So.2d 901, 910 (Fla. 1st DCA 2002). However, a court's discretion is limited by the evidence code and applicable case law. A court's erroneous interpretation of these authorities is subject to *de novo* review. *Gilliam v. Smart,* 809 So.2d 905 (Fla. 1st DCA 2002).

*McCray v. State*, 919 So. 2d 647, 649 (Fla. 1st DCA 2006)

2

Section 90.401, Florida Statutes, defines relevant evidence as "evidence tending to prove or disprove a material fact." All relevant evidence is admissible, "except as provided by law", unless probative value of the evidence is outweighed by the danger of unfair prejudice, confusion of issues, or "needless presentation of cumulative evidence." *Id.*; § 90.403, Fla. Stat. (2017). In determining whether the probative value is outweighed by unfair prejudice, the court may consider the need for the evidence; the tendency of the evidence to cause a jury to improperly make a decision; the chain of inference necessary to establish a material fact; and the effectiveness of a limiting instruction. *State v. McClain*, 525 So. 2d 420, 422 (Fla. 1988) (quoting C. Ehrhardt, Florida Evidence § 403.1 (1984 Edition) discussing the application of section 90.403, Florida Statutes).

The trial court was correct that the evidence was remote and not related to the criminal charge. And even were we to decide the evidence was relevant and not unduly prejudicial, any error in excluding the evidence was harmless. *Walden v. State,* 17 So. 3d 795, 798 (Fla. 1st DCA 2009) (holding that evidentiary ruling allowing hearsay was error but rendered harmless by cross-examination which refuted hearsay statements, citing *State v. DiGuilio*, 491 So. 2d 1129, 1138-39 (Fla. 1986)). Here, there is no reasonable possibility that the exclusion of the proffered evidence affected the trial court's verdict. The jury was informed that the victim possessed knowledge of sexual activity not normally known by a person her age, as described above.

AFFIRMED.

ROWE and OSTERHAUS, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

3

Andy Thomas, Public Defender, Archie F. Gardner and Glen P. Gifford, Assistant Public Defenders, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellee.