STONE, Judge.
We reverse the defendant’s robbery conviction. The state called a witness at trial who had been convicted as an accessory after the fact to the robbery. The witness’ only testimony was that he had no knowledge about the crime and could not remember the events in question. The court declared the witness hostile. The state was then permitted to introduce evidence of a prior out-of-court statement by the witness, in which he had stated to the police that he had driven the defendant to the scene of the crime. In that statement the witness said that the defendant told him about the crime when the defendant returned to the car. The state was also permitted to introduce the details of the criminal charges filed against the witness.
It was error to admit the out-of-court statement of the witness. The state may not impeach its witness with a prior *556 inconsistent statement[1] in the absence of unexpected and prejudicial in-court testimony. See Jackson v. State, 498 So.2d 906 (Fla.1986). Hearsay statements that are otherwise inadmissible do not become admissible as impeachment by the device of placing a witness on the stand to testify that he has no knowledge of the facts. Jackson v. State; Everett v. State, 530 So.2d 413 (Fla. 4th DCA 1988); Kingery v. State, 523 So.2d 1199 (Fla. 1st DCA 1988). Further, there is no merit in the state’s argument that the statements were the statements of a co-conspirator. See Nelson v. State, 490 So.2d 32 (Fla.1986); Moore v. State, 503 So.2d 923 (Fla. 5th DCA 1987); Thomas v. State, 349 So.2d 743 (Fla. 1st DCA), cert. denied, 354 So.2d 987 (Fla.1977).
It was also error to admit the details of the prior conviction and sentence of the witness. Parker v. State, 458 So.2d 750 (Fla.1984), cert. denied, 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985); Thomas v. State, 202 So.2d 883 (Fla. 3d DCA 1967). We find Williamson v. State, 511 So.2d 289 (Fla.1987), cert. denied, - U.S. -, 108 S.Ct. 1098, 99 L.Ed.2d 261 (1988), relied on by the state, to be inappo-site.
We cannot say that these errors were harmless. State v. DiGuilio, 491 So. 2d 1129 (Fla.1986). Therefore, the judgment and sentence are reversed and the cause remanded for a new trial.
DELL and GUNTHER, JJ., concur.

. We note that the state did not argue that the statements were admissible as substantive evidence. Therefore, State v. Delgado-Santos, 497 So.2d 1199 (Fla.1986), and Tisdale v. State, 498 So.2d 1280 (Fla. 4th DCA 1986) (en banc), rev. denied, 506 So.2d 1043 (Fla.1987), are not controlling.