STONE, Chief Judge.
Appellant’s conviction for burglary is affirmed. The trial court did not err by allowing an officer to testify that a witness to the crime identified Appellant, by name, as the perpetrator at the initial investigation immediately following the incident. Such testimony is not hearsay when the identifying witness is before the court and testifies to that effect at trial. See § 90.801(2), Fla. Stat. (1995). See also Power v. State, 605 So.2d 856, 862 (Fla.1992); Harrell v. State, 647 So.2d 1016 (Fla. 4th DCA 1994).
We have considered our language in Stanford v. State, 576 So.2d 737, 739-40 (Fla. 4th DCA 1991), in which we stated that:
We believe that the typical situation contemplated by the code and the case law is one where the victim sees the assailant shortly after the criminal episode and says, “that’s the man.” Hence, the phrase “identification of a person made after perceiving him” refers to the witness seeing a person after the criminal episode and identifying that person as the offender. We do not believe this code provision was intended to allow other out-of-court statements by a witness to others naming the person that the witness believes committed the crime. To extend the rule that far would permit countless repetitions by a witness to others, regardless of time and place, of the witnesses’ belief as to the guilty party, a result we do not believe intended by the drafters of the rule.
That comment does not preclude admitting such identification testimony under these circumstances because the witness’ comments in the instant case were made immediately after the incident. In any event, if such were error, we deem it harmless because the officer’s testimony was merely cumulative of several other witnesses’ testimony at trial. See Erickson v. State, 565 So.2d 328, 334 (Fla. 4th DCA 1990).
POLEN and STEVENSON, JJ., concur.