932 So.2d 1205 (2006)
Sheriff F. RASHID, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4704.
District Court of Appeal of Florida, Fourth District.
July 5, 2006.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
No appearance for appellee.

Corrected Opinion
PER CURIAM.
We withdraw our previously issued opinion and substitute the following in its place.
*1206 Sheriff F. Rashid appeals his convictions and sentences for felony battery and possession of a concealed weapon by a convicted felon. His assistant public defender filed a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
We grant the motion to withdraw and affirm Rashid's convictions and sentences, except for his five-year mandatory sentence as a prison releasee reoffender ("PRR") on the count for possession of a concealed weapon. Rashid challenged this sentence as illegal in a motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b), and the state conceded in its response to that motion that the PRR designation was illegal on that count because section 775.082(9)(a)(1), Florida Statutes (2003), does not include possession of a concealed weapon by a convicted felon as an offense for which the court may impose PRR sentencing. However, the trial court did not rule on this motion within sixty days, and it was deemed denied pursuant to Florida Rule of Criminal Procedure 3.800(b)(1)(B).
Appellant's Anders counsel acknowledges that PRR sentencing was illegal on this count and presents it as a minor sentencing issue which should be disposed of in this Anders proceeding. While the Supreme Court of Florida has recognized that appellate courts must follow Anders procedure even when costs or other minor sentencing errors are raised in "no merits" briefs, "Anders procedure is not appropriate where counsel raise substantial sentencing errors of any kind." In re Anders Briefs, 581 So.2d 149, 152 (Fla.1991). There is no bright line test for determining what constitutes a "minor sentencing error" and what makes an error "substantial," thereby removing it from Anders procedure. However, we acknowledge that the second district entertained a comparable challenge to a PRR sentence in an Anders appeal, reversing and remanding to strike the PRR designation on one count in Bozeman v. State, 846 So.2d 616 (Fla. 2d DCA 2003). There, the state advised the court that it did not object to striking the PRR designation.
Here, the state conceded in its response filed in the trial court that the PRR sentence is illegal on the possession count. We see no reason to remove this issue from the Anders procedure in these circumstances.
Accordingly, we reverse and remand to the trial court with instructions to strike the PRR designation and mandatory minimum sentence on count two. Otherwise, we affirm.
WARNER, FARMER and TAYLOR, JJ., concur.