PER CURIAM.
Tyrone Madry appeals the revocation of his probation and ensuing prison sentence. He alleges that the State failed to meet its burden of proof at the revocation hearing because it relied on an out-of-court declaration by a witness who testified at the hearing that he never made any declaration out of court and did not “know any person by the name of Tyrone Madry.” Unable to distinguish Baugh v. State, 961 So.2d 198, 206 (Fla.2007), in principle, we reverse and remand with directions that appellant’s probation be reinstated, mooting the State’s (cross-) appeal.
At issue at the revocation hearing were various alleged new law violations: attempted armed robbery of one David Smith, aggravated assault with a firearm on the same David Smith, and possession of a firearm at the same time and place. David Smith testified at the revocation hearing that somebody with a gun tried to rob him on August 1, 2006. But he denied giving any written or oral statement to a deputy sheriff investigating the crime, specifically denied identifying Tyrone Madry as the perpetrator, and testified he did not know Tyrone Madry. Three alibi witnesses put Mr. Madry elsewhere at the time of the attempted robbery.
On the other hand, a deputy sheriff who investigated the attempted robbery testified that Mr. Smith had identified Mr. Madry as his assailant, both orally and in writing. Mr. Smith was shown a written statement (which he denied writing) that identifies “Tyrone Magice,” not “Tyrone Madry,” as the malefactor. (In different handwriting, the paper on which the written statement appears contains the notation “Madry” with an arrow pointing toward “Tyrone Magice,” but the deputy sheriff was not certain who had written “Madry,” and nobody testified that Mr. Smith had done so.)
At the hearing, trial counsel objected, “I think the State is attempting to convict my *509 client only on hearsay testimony against direct evidence.” On appeal, too, appellant characterizes the deputy’s testimony as hearsay even when it recounts Mr. Smith’s purported identification of his assailant as Mr. Madry. As a technical matter, however, as the State correctly argues, a “statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is: [o]ne of identification of a person made after perceiving the person.” § 90.801(2)(c), Fla. Stat. (2006). This definitional exception “applies regardless of whether the declarant identifies the individual in court.” Charles W. Ehrhardt, Florida Evidence § 801.9 (2006 ed.).
 Hearsay is admissible, moreover, in revocation hearings, although revocation of probation cannot be based on hearsay alone. See Stewart v. State, 926 So.2d 413, 414-15 (Fla. 1st DCA 2006); Meade v. State, 799 So.2d 430, 433 (Fla. 1st DCA 2001); Knight v. State, 801 So.2d 160, 161 (Fla. 2d DCA 2001) (“Although hearsay is admissible in a probation revocation proceeding, hearsay cannot be the sole basis to establish a probation violation.” (citing Hines v. State, 789 So.2d 1085, 1086 (Fla. 2d DCA 2001))). The question is not whether the deputy sheriffs testimony was properly admitted, but whether it was a legally sufficient foundation for the critical finding of fact leading to revocation. The standard of review on appeal of revocation of probation is abuse of discretion. See, e.g., State v. Carter, 835 So.2d 259, 262 (Fla.2002).
Although we are not reviewing a criminal conviction here, Baugh is instructive. In Baugh, the defendant had been convicted of capital sexual battery on the basis of a “recanted out-of-court statement” and other, circumstantial evidence of guilt, 961 So.2d at 204, while here the sole evidence of Madry’s probation violation was the repudiated out-of-court statement. Although more than identity was at issue in Baugh, there, as here, a key witness disavowed an out-of-court declaration crucial to the case. See Baugh, 961 So.2d at 206 (Cantero, J., dissenting) (“[O]ut-of-court statements that have been recanted at trial cannot, standing alone, support a criminal conviction.”). We see no reason in principle why such statements, standing alone, should be allowed to support probation revocation, either.
Reversed.
BARFIELD and BENTON, JJ., concur; BROWNING, C.J., concurs with written opinion.