993 So.2d 1026 (2008)
Gregory ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1350.
District Court of Appeal of Florida, Second District.
January 23, 2008.
James Marion Moorman, Public Defender, and Wendy J. DePaul, Special Assistant *1027 Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
A jury convicted Gregory Ross of aggravated battery and armed kidnapping. The trial court sentenced him as a habitual felony offender to concurrent thirty-year prison terms for each offense. Mr. Ross claims that the trial court erred in allowing a detective to testify that the victim identified Mr. Ross as one of his assailants. Mr. Ross also claims that the trial court violated the confrontation clause by admitting into evidence the taped statements of two trial witnesses without requiring the State to recall them to explain or defend their statements. We affirm the convictions and sentences.

FACTS
In the early morning of October 9, 2004, Mr. Ross drove to the Crystal Grove apartment complex with his friends, Corbie Jones, Lakeisha Jones, Marquell Howard, and Darius Stokes. When they arrived, Antwan Willis was backing out of a parking spot. Mr. Ross forcibly removed Mr. Willis from his car while hitting him with a gun. Mr. Ross and Mr. Howard forced Mr. Willis into their car. As they drove away, Mr. Ross questioned Mr. Willis about the whereabouts of a man he suspected of killing a relative. During the car ride, Mr. Ross held a gun muzzle inside Mr. Willis's mouth. They took Mr. Willis to the Peachtree Apartments, where Mr. Ross and several others beat Mr. Willis. Mr. Willis lost consciousness during the beating and awoke in a hospital.
Detective Scott Kercher interviewed Mr. Willis at the hospital. Mr. Willis identified Messrs. Ross, Stokes, and Howard as the persons who beat him. Detective Kercher then prepared a photopak; Mr. Willis was able to identify Mr. Ross and Mr. Howard in the photopak.
During the State's direct examination of Detective Kercher, Mr. Ross raised a hearsay objection to the State's question as to whether Detective Kercher asked Mr. Willis who beat him. The State argued that the testimony fell under the hearsay exception for identification. See § 90.801(2)(c), Fla. Stat. (2004). The court overruled the objection. Detective Kercher then testified that Mr. Willis told him that Mr. Ross and Mr. Howard beat him. Detective Kercher also testified that Mr. Willis identified Mr. Ross from the photopak.
Later in Detective Kercher's direct testimony, Mr. Ross objected to the introduction of the taped statements of Lakeisha Jones and Corbie Jones on hearsay and confrontation clause grounds. The trial court overruled the objection and allowed the jury to hear the recordings as prior consistent statements. See § 90.801(2)(b), Fla. Stat. (2004). The trial court determined that the recordings were admissible to rebut Mr. Ross's contention that the witnesses' trial testimony was influenced by their plea bargains.

I. IDENTIFICATION TESTIMONY
Detective Kercher testified that Mr. Willis identified Mr. Ross as one of his assailants. The trial court found the testimony admissible under section 90.801(2)(c), which provides in part:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
....

*1028 (c) One of identification of a person made after perceiving the person.
Mr. Ross argues that this hearsay exception applies only to a witness who identifies a perpetrator subsequent to the offense. We agree. Typically, the "situation contemplated by the code and the case law is one where the victim sees the assailant shortly after the criminal episode and says, `that's the man.'" Stanford v. State, 576 So.2d 737, 739 (Fla. 4th DCA 1991).
Any error in admitting the testimony, however, was harmless. See Stanford, 576 So.2d at 740. As here, the issue in Stanford was whether the trial court erroneously admitted hearsay testimony of the victim's crime scene statement that the defendant was the assailant. See id. at 738-39. Although the challenged statement was not the precise evidence envisioned by the evidence code, its admission came with indicia of reliability similar to that contemplated by section 90.801(2)(c) because "[t]he victim knew the assailant and identified him to witnesses while the episode was fresh in his mind." Id. at 741. The Stanford court held that the admission of the statements was "harmless at worst" because there was no reasonable possibility that the statements made a substantial difference to the jury. Id. at 740. We reach the same conclusion here. Lakeisha and Corbie Jones both testified at trial that Mr. Ross was one of the assailants. Mr. Willis identified Mr. Ross as his assailant while in the hospital, from a photopak, and at trial. The trial court committed no reversible error.

II. TAPED STATEMENTS
Mr. Ross contends that the trial court erred in admitting the tape-recorded statements of Lakeisha and Corbie Jones, over defense objection on hearsay and confrontation clause grounds. Mr. Ross contends this was error because Lakeisha and Corbie Jones had already testified and the court did not require the State to recall them.
The confrontation clause forbids the admission of hearsay testimonial evidence, which includes statements to police during interrogations, unless the declarant is unavailable to testify and the defendant had a previous opportunity to cross-examine the declarant. Crawford v. Washington, 541 U.S. 36, 51-52, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); see also State v. Hosty, 944 So.2d 255, 261 (Fla.2006) (holding police investigations are testimonial). The trial court ruled, however, that the statements were not hearsay under section 90.801(2)(b), which states in part:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
....
(b) Consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of improper influence, motive, or recent fabrication....
Mr. Ross argues that, even though Lakeisha and Corbie Jones testified at trial, they did so before their taped prior statements were admitted and thus were not subject to cross-examination about those statements. Mr. Ross misunderstands the cross-examination requirement.
Once there is an attempt on cross-examination to show improper influence, motive, or recent fabrication, the witness' "`prior consistent statements are admissible on the redirect examination or through subsequent witnesses to show the consistency of the witness' [sic] trial testimony.'" Foburg v. State, 744 So.2d 1175, 1179 (Fla. 2d DCA 1999) (quoting Jenkins v. State, 547 So.2d 1017, 1020 (Fla. 1st DCA 1989)). *1029 The requirement is not, as Mr. Ross contends, that the defense must have had the opportunity to cross-examine Lakeisha and Corbie Jones after the State introduced their taped statements. Rather, in order for the taped statements to be admissible, the defense must have implied that their testimony was not credible because they had motives to fabricate it. At that point, the State could introduce the tapes as consistent prior statements to rebut the implication of recent fabrication.
The trial court properly ruled that the taped statements were prior consistent statements offered to rebut the defense's implication, in cross-examining Lakeisha and Corbie Jones, that they were motivated by plea bargains to fabricate their trial testimony. Thus the statements were not hearsay, and the confrontation clause did not bar their admission at trial.
Affirmed.
DAVIS, J., and ST. ARNOLD, JACK R., Associate Judge, Concur.