PER CURIAM.
 

 Lorenzo Davis appeals his conviction for armed robbery with a firearm, contending that the trial court erred by admitting hearsay testimony of a police investigator recounting the statement of a witness. We agree and reverse.
 

 The victim was robbed at gunpoint by three men at night, and was easily able to identify two of the men, who were convicted and sentenced in separate proceedings, but he was unable to identify the third after being shown a number of photo arrays, and, in fact, he identified a different man. One of the perpetrators, Steven Bellamy, testified at trial and named defendant as the third man. The second perpetrator, Philip Combs, whose fingerprints had been found on the door of the victim’s taxicab, said he was unable to remember anything about the incident, which occurred three years prior, except that he was one of the robbers. His lack of memory surprised the prosecutor, who sought to admit the testimony of Investigator
 
 *54
 
 Kyle Troop, to whom Combs had confessed and implicated defendant three months after the crime.
 

 Over objection, the court admitted Investigator Troop’s testimony as non-hearsay under section 90.801(2)(c), Florida Statutes (2006), which provides that if the declarant testifies at trial, a statement is not hearsay if it is “[o]ne of identification of a person made after perceiving the person.” This exception applies if the declarant was an eyewitness or a victim who identified the alleged perpetrator soon after the crime or soon after coming into contact with him or her.
 
 See Ibar v. State,
 
 938 So.2d 451 (Fla.2006);
 
 Evans v. State,
 
 838 So.2d 1090 (Fla.2002);
 
 Ross v. State,
 
 993 So.2d 1026 (Fla. 2d DCA 2008);
 
 Rutherford v. State,
 
 902 So.2d 211 (Fla. 4th DCA 2005);
 
 Liscinsky v. State,
 
 700 So.2d 171 (Fla. 4th DCA 1997);
 
 Stanford v. State,
 
 576 So.2d 737 (Fla. 4th DCA 1991).
 

 Investigator Troop said that Combs had recounted the facts surrounding the robbery, and told him defendant and Bellamy were the two other men involved. This did not constitute an identification made shortly after perceiving defendant, but was instead an accusatory statement to the police implicating an accomplice. Section 90.801(2)(c) does not apply in this kind of situation to render it non-hearsay.
 
 See Smith v. State,
 
 880 So.2d 730 (Fla. 2d DCA 2004).
 

 Nor was the officer’s statement admissible to impeach the witness under sections 90.608 and 90.614(2), Florida Statutes (2006), because Combs repeatedly said he was unable to remember anything about the crime. Only when a witness “makes a statement which is inconsistent with a prior statement and then cannot recall making the prior statement, the fact that the prior statement was made can be proved by the testimony of another witness.”
 
 Calhoun v. State,
 
 502 So.2d 1364, 1365 (Fla. 2d DCA 1987).
 
 See also James v. State,
 
 765 So.2d 763, 766 (Fla. 1st DCA 2000) (“ ‘The fact that a witness once stated something was true is not logically inconsistent with a subsequent loss of memory.... Showing the substantive statements that she allegedly made while her memory was fresh does not impeach that testimony.’ ”). Although the court may allow impeachment when the witness appears to be fabricating his or her lack of memory, the trial court made no such finding below.
 
 See Brooks v. State,
 
 918 So.2d 181 (Fla.2005).
 

 The error was not harmless. The only evidence against defendant was the testimony of his accomplice, a five-time felon. The victim was unable to identify the third man who had robbed him, and he instead identified another man. The fact that Combs’s identification was provided by a police officer presumably lent the testimony great weight. Under these circumstances, we cannot say there is no reasonable possibility that Investigator Troop’s inadmissible testimony did not contribute to the conviction.
 
 State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986).
 

 Accordingly, we
 

 REVERSE and REMAND for a new trial.
 

 PADOVANO, ROBERTS, and MARSTILLER, JJ., concur.