PER CURIAM.
 

 Appellant raises two issues on appeal from his conviction for sale of a controlled substance. We find the first issue disposi-tive and reverse.
 

 At trial, a confidential informant (“Cl”) identified Appellant as the man who sold him crack cocaine during a controlled buy. The informant testified he had known Appellant for approximately four years and had done some remodeling work on a house Appellant owned. Three law enforcement officers, who were not present during the controlled buy, also identified Appellant as the man in the video recording of the transaction selling crack to the Cl. One officer testified that he has been with the Perry Police Department for twenty-five years and has known Appellant “pretty much my whole law enforcement career.” Another officer, who served on the local drug task force, testified he knew Appellant from a 2005 investigation. The third officer identified Appellant based on having often seen him wear a camouflage jacket and skull cap similar to those worn by the man in the video.
 

 Appellant argues that the trial court erred in admitting the officers’ identification testimony because their statements suggested prior criminal activity by Appellant. We agree, and the State concedes error.
 
 See Edwards v. State,
 
 583 So.2d 740, 741 (Fla. 1st DCA 1991) (finding such testimony inadmissible).
 
 See also Alcantar v. State,
 
 987 So.2d 822, 825 (Fla. 2d DCA 2008) (where officer’s prior contact with appellant “for years” and knowledge of appellant’s “street name” combined to suggest strongly that appellant’s prior contact with the officer was the result of prior criminal activity, “[t]he probative value of this testimony was far outweighed by the undue prejudice it was sure to create”).
 

 The trial court instructed the jury to disregard the second officer’s testimony about having known Appellant from a previous investigation. But we cannot say beyond a reasonable doubt that the remaining inadmissible testimony did not contribute to the guilty verdict when the only other identification came from the Cl.
 
 See State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986). We therefore reverse Appellant’s conviction and remand for a new trial.
 

 REVERSED and REMANDED.
 

 WETHERELL, MARSTILLER, and RAY, JJ., concur.