CONNER, J.
 

 James Henry Robinson appeals the revocation of his probation and the sentence imposed for the violation. He contends insufficient evidence was presented to prove he violated probation by committing new crimes. Finding his arguments on appeal are without merit, we affirm.
 

 Robinson pled no contest to grand theft and carrying a concealed weapon. He was
 
 *571
 
 subsequently placed on eighteen months of community control and six months of probation, which required Robinson to “live and remain at liberty without violating any law.” During Robinson’s term of probation, an affidavit of violation of probation was filed, alleging that he committed five new offenses: three counts of aggravated assault, one count of discharging a firearm in public, and one count of possession of a firearm by a convicted felon.
 

 During Robinson’s probation violation hearing, the State presented testimony of an eyewitness (“T.R.”) to Robinson’s newly charged offenses. T.R. testified that because of his marijuana use and the long period of time since the events in controversy, he did not recall identifying Robinson on the day of the incident. He agreed that the written statement offered to refresh his memory was written in his handwriting and marked with his initials; however, reading this statement did not refresh his memory as to his identification of Robinson. Subsequently, Officer J.G. testified that T.R. verbally identified Robinson as the perpetrator during a show up shortly after the crime. He further testified that T.R. gave a written statement in which he identified Robinson as the perpetrator of the crimes.
 

 Relying on
 
 Madry v. State,
 
 969 So.2d 507 (Fla. 1st DCA 2007), Robinson argues that T.R.’s lack of memory at trial constituted a “recantation” of his prior statement that he identified Robinson as the perpetrator of the new crimes, thus his prior identification was legally insufficient to support a probation revocation. However, the facts of
 
 Madry
 
 and the facts at hand are highly distinguishable. In
 
 Ma-dry,
 
 the victim denied that he made the written statement.
 
 Id.
 
 at 508. Here, T.R. never recanted his prior verbal or written statement of identification; he merely could not remember what the statement was or identifying Robinson. “The fact that a witness once stated something was true is not logically inconsistent with a subsequent loss of memory.”
 
 James v. State,
 
 765 So.2d 763, 766 (Fla. 1st DCA 2000) (quoting with approval
 
 State v. Staley,
 
 165 Or.App. 395, 995 P.2d 1217, 1220 (2000)). Moreover, under Section 90.801(2)(c), Florida Statutes, a statement of identification is not hearsay.
 
 Davis v. State,
 
 52 So.3d 52, 54 (Fla. 1st DCA 2010) (hearsay exception applies if the declarant was an eyewitness or a victim who identified the alleged perpetrator soon after the event in controversy or soon after coming into contact with him or her). As stated by our court in
 
 Stanford v. State,
 
 576 So.2d 737 (Fla. 4th DCA 1991):
 

 Both the testimony of the person having made the identification and of
 
 witnesses who were present when the identification was made are admissible.
 
 The official comments to section 90.801 note that such statements bear the mark of reliability because they are usually made in close temporal proximity to the actual event while the witnesses’ visual memory of the event is fresh.
 

 We believe that the typical situation contemplated by the code and the case law is one where the victim sees the assailant shortly after the criminal episode and says, “that’s the man.” Hence, the phrase “identification of a person made after perceiving him” refers to the witness seeing a person after the criminal episode and identifying that person as the offender.
 

 Id.
 
 at 739-40. (emphasis added) (footnote omitted.)
 
 See also Liscinsky v. State,
 
 700 So.2d 171, 172 (Fla. 4th DCA 1997) (officer could testify under section 90.801(2) that a witness to a crime identified the accused by name, as the perpetrator at the initial investigation immediately following the incident). Therefore, the trial court was correct in admitting the testimony of Officer J.G. that T.R. made prior out-of-court
 
 *572
 
 statements, verbal and written, identifying Robinson as the perpetrator. We agree with the trial court: the violation was based on both a “hearsay and non hearsay identification [ ] that Mr. Robinson was the one who fired the gun.” Therefore, the
 
 Madry
 
 argument has no merit, and we affirm the trial court’s holding.
 

 The trial court made the determination that Robinson willfully, materially, and substantially violated his probation by committing two of the five new charges alleged in the affidavit of violation of probation (one count of aggravated assault and one count of discharging a firearm in public). However, no formal, written order was entered specifying which conditions of the probation agreement were violated. “If a trial court revokes a defendant’s probation, the court is required to render a written order noting the specific conditions of probation that were violated.”
 
 King v. State,
 
 46 So.3d 1171, 1172 (Fla. 4th DCA 2010). If a formal, written order does not exist, it is appropriate to “remand for entry of a proper order.... ”
 
 Cato v. State,
 
 845 So.2d 250, 251 (Fla. 2d DCA 2003). Even though the record is clear, a formal, written order specifying each condition of probation violated must be entered in this case. Therefore, we remand for entry of an order in conformity with this opinion.
 

 Robinson also argues that because the trial court granted a judgment of acquittal for the assault count, having the same assault count serve as a basis for a violation is improper. We find no merit to this argument.
 

 Affirmed and remanded with directions.
 

 MAY, C.J., and TUTER, JACK B., JR., Associate Judge, concur.