PER CURIAM.
In this Anders[1] appeal, we affirm Appellant’s judgment and sentence but remand for the trial court to correct the order revoking his probation. Although the State alleged that Appellant violated three conditions of his probation, the trial court found only one violation. The order of revocation of probation fails to specify which condition Appellant violated. While it is clear from the record which condition the court found Appellant violated, the finding must be memorialized in a written order. See Robinson v. State, 74 So.3d 570, 572 (Fla. 4th DCA 2011) (recognizing the requirement that the trial court enter a formal, written order of revocation of probation). As a result, we remand for correction of the revocation order to reflect the trial court’s oral pronouncement that Appellant violated condition five of his probation. See Nicholas v. State, 66 So.3d 1077, 1077 (Fla. 1st DCA 2011). Appellant need not be present for the correction of this order. See id.
AFFIRMED and REMANDED.
BENTON, C.J., WETHERELL, and RAY, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).