VAN NORTWICK, J.
Richard Jenkins challenges his conviction and sentence for burglary with an assault. Appellant raises several issues on appeal, only one of which merits discussion. Because the trial court erred in admitting certain hearsay testimony under section 90.801(2)(c), Florida Statutes (2010), and the admission of this testimony was not harmless beyond a reasonable doubt, we reverse and remand for new trial.
At trial, the victim testified that a man came to her door asking to use the phone. She testified that she agreed to let him use the phone, but the man pulled out a gun, forced her inside her house, and demanded money. After the man had left, she called her friend Michael West and told him about what transpired. Over defense counsel’s objections, the victim testified that Mr. West told her that he had “just seen ‘Richard’ riding his bike up in the streets.” The trial court found that Mr. West’s statement to the victim qualified as a statement of identification pursuant to section 90.801(2)(c), Florida Statutes.
The trial court’s ruling on the admissibility of evidence will not be reversed absent an abuse of discretion. McCray v. State, 919 So.2d 647, 649 (Fla. 1st DCA 2006). A court’s discretion, however, is limited by the evidence code and applicable case law; and a court’s erroneous interpretation of these authorities is reviewed de novo. Id.
Section 90.801(2)(c) provides:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the. statement and the statement is:
[[Image here]]
(c) One of identification of a person made after perceiving the person.
§ 90.801(2)(c), Fla. Stat. (2010). The hearsay exception under this provision of the evidence code applies “if the declarant was an eyewitness or a victim who identified the alleged perpetrator soon after the crime or soon after coming into contact with him or her.” Davis v. State, 52 So.3d 52, 54 (Fla. 1st DCA 2010). As the Fourth District explained in Robinson v. State, 74 So.3d 570, 571 (Fla. 4th DCA 2011) (quoting Stanford v. State, 576 So.2d 737, 739-40 (Fla. 4th DCA 1991)), the “the typical situation contemplated by the code and the case law is one where the victim sees the assailant shortly after the criminal episode and says, ‘that’s the man.’ Hence, the phrase ‘identification of a person made after perceiving him’ refers to the witness seeing a person after the criminal episode and identifying that person as the offender.” Here, there was no evidence that Mr. West was present during the commission of the crime or soon thereafter. Thus, he would not qualify as a victim of or a witness to the crime. Moreover, this statement was not one of identification because Mr. West never stated that Appellant was the person that committed the crime. Hendrieth v. State, 483 So.2d 768, 769 (Fla. 1st DCA 1986) (holding that a person’s statement that he saw “two black men walking around the homes along his street” was not an on-the-scene identification). Therefore, the trial court erred in allowing the admission of this hearsay testimony.
*557 In addition, it cannot be said that the admission of this testimony was harmless error. “The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). “When applying the harmless error test, appellate courts are required not only to examine the permissible evidence on which the jury relied, but to even more closely examine ‘the impermissible evidence which might have possibly influenced the jury verdict.’” Miles v. State, 60 So.3d 447, 452 (Fla. 1st DCA 2011) (quoting DiGuilio, 491 So.2d at 1135). Based on our review of the record, here, the evidence against Appellant was entirely circumstantial and required the jury to make several inferences to conclude that Appellant was guilty of the charged crime. Due to the nature of the evidence in this case, the State failed to establish that there was no reasonable possibility that the testimony erroneously admitted into evidence did not contribute to the jury’s verdict. Accordingly, we REVERSE Appellant’s conviction and sentence and REMAND for a new trial.
DAVIS, J., concurs, and ROWE, J., Dissents with written opinion.