PER CURIAM.
C.C. (“Defendant”) appeals a final order reinstating his probation following a finding of violations of its terms. The record reflects that the trial court found Defendant committed all five of the alleged violations. For a violation of a condition of probation to trigger a revocation, the viola *446 tion must be willful and substantial, and the State must prove it by the greater weight of the evidence. See Martoral v. State, 946 So.2d 1240, 1242 (Fla. 4th DCA 2007). We review trial court decisions on violations of probation under an abuse of discretion standard. Matthews v. State, 736 So.2d 72, 75 (Fla. 4th DCA 1999). Based on our review of the instant record, we find the evidence was insufficient to show that Defendant substantially and willfully violated the following alleged conditions of his probation: (1) failure to attend school; (2) failure to reside in his mother’s home; and (3) failure to cooperate fully and maintain contact with his probation officer. The evidence was legally sufficient to establish the remaining two violations — possession of marijuana and violation of curfew.
Accordingly, we affirm in part, reverse in part, and remand for the lower court to consider whether the same sentence would be imposed based on the two proven violations and to enter a written order specifying the same. Robinson v. State, 74 So.3d 570, 572 (Fla. 4th DCA 2011). Lastly, we are not persuaded by Defendant’s contention that the lower court failed to hold an adequate Richardson[1] hearing.

Affirmed in part, reversed in part and remanded.

STEVENSON, CIKLIN and KLINGENSMITH, JJ., concur.

. Richardson v. State, 246 So.2d 771 (Fla. 1971).