ALTENBERND, Judge.
Edward Marcus Mills, III, appeals a single order revoking his orders of supervision in six separate cases.[1] As a result of the revocations of supervision, Mr. Mills is now serving a large number of concurrent terms of imprisonment, the longest of which is eight years. We affirm the revocation but remand for the entry of corrected revocation orders.
During the revocation hearing, the trial court relied exclusively on Mr. Mills’ admission that he had violated condition five of the standard conditions of supervision for each of his orders of supervision. This admission involved Mr. Mills’ use and possession of marijuana at a time when he was subject to these supervisory orders. As correctly argued by Mr. Mills, the written order of revocation erroneously lists violations of conditions “9,16, [and] Special Condition 2,” even though he admitted violating only condition five. Accordingly, we affirm the revocation of Mr. Mills’ orders of supervision, but we remand for the trial court to enter corrected revocation orders that include only a violation of condition five as the basis for the revocation.[2]
Affirmed and remanded.
NORTHCUTT and CRENSHAW, JJ., Concur.

. State v. Mills, Nos. 2007-CF-7521, 2009-CF-7935, 2009-CF-7937, 2009-CF-7939, 2009-CF-7940, 2012-CF-10331 (Fla. 13th Cir. Ct. Mar. 21, 2013) (revoking supervisory orders in each case, which included a community control order that was to be followed by probation in case number 2012-CF-10331 and probation orders in the remaining cases).

. Because the six cases were filed at different times; involved sentences for multiple counts, some of which had been fully served at the time of this revocation proceeding; and involved different types of supervision, it would be helpful if the trial court entered case-specific orders of revocation on remand.