SALARIO, Judge.
In accord with Anders v. California, 886 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Arlando Boykin appeals from the convictions and sentences entered following his negotiated no contest pleas to one count of attempted armed burglary of a dwelling with a firearm, three counts of aggravated assault with a firearm, one count of attempted robbery with a firearm, one count of possession of a firearm by a convicted felon, and one count of tampering with evidence while armed with a firearm. He received five-year sentences for each count of assault and fifteen-year sentences on the remaining counts. We affirm Boykin’s convictions and five of his seven sentences without comment. We reverse and remand for the correction of a minor sentencing error on two of Boykin’s sentences.
At the plea hearing, the State informed the trial court that five of Boykin’s offenses were qualifying offenses for the prison releasee reoffender (PRR) designation under section 775.082(9)(a)(l), Florida Statutes (2012). The State noted, however, that the counts for possession of a firearm by a convicted felon and armed tampering with evidence were not qualifying offenses under the PRR statute. The trial court nonetheless applied the PRR designation to all of Boykin’s sentences. This was error. See § 775.082(9)(a)(l); see also Rashid v. State, 932 So.2d 1205, 1206 (Fla. 4th DCA 2006) (striking the PRR designation from a sentence for felon in possession of a firearm).
Boykin preserved his objection to the PRR designations on his two nonqualifying offenses through a timely motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b) and now raises the issue in this Anders appeal. The record shows that the State did not seek the designation on these counts, and the State has filed no response in this appeal disputing Boykin’s entitlement to relief. Under these circumstances, this is a matter appropriate for treatment as a minor sentencing error without the necessity of additional briefing. See Bozeman v. State, 846 So.2d 616, 616 (Fla. 2d DCA 2003); Rashid, 932 So.2d at 1206. Accordingly, we reverse and remand for the limited purpose of striking the PRR designations from the sentences imposed on the counts for possession of a firearm by a convicted felon and armed tampering with evidence. We note that the striking of the errant PRR designations on remand is a ministe *1283 rial act that does not require Boykin’s presence for resentencing. See Diaz v. State, 146 So.3d 175 (Fla. 1st DCA 2014).
Affirmed in part, reversed in part, and remanded with instructions.
WALLACE and BLACK; JJ., Concur.