DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**D.S.**, a child,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D18-516

[March 13, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Victoria L. Griffin, Judge; L.T. Case No. 312014CJ000282A.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

A juvenile appeals the circuit court's amended disposition order adjudicating him delinquent for violating probation for the charge of lewd or lascivious molestation of a victim under twelve years old. The juvenile argues the court erred by imposing a sexual offender registration requirement based on factual findings the original sentencing judge did not make. We affirm but remand for the court to issue a written order revoking the juvenile's post-commitment probation and, based on D.S.'s admission, specifying which probation conditions he violated.

Under the sexual offender registration statute, an individual is defined as a "sexual offender" if:

> d. On or after July 1, 2007, [he] has been adjudicated delinquent for committing . . . any of the criminal offenses proscribed in the following statutes in this state . . . when the juvenile was 14 years of age or older at the time of the offense:

. . .

> (III) Section 800.04(5)(c) 1. where the court finds molestation involving unclothed genitals[.]

§ 943.0435(1)(a)1.d.(III), Fla. Stat. (2014).

Here, the juvenile qualifies as a sexual offender under the plain language of the statute because he was fifteen years old at the time of the offense, was adjudicated delinquent in 2014, and the court found the molestation involved unclothed genitals.

Because the juvenile violated section 800.04(5)(c)1., Florida Statutes (2014), the registration statute required the court to make written findings of "the age of the offender at the time of the offense"; "the age of the victim at the time of the offense"; whether the offense "did or did not involve unclothed genitals or genital area"; and whether the offense "did or did not involve the use of force or coercion." § 943.0435(1)(a)2., Fla. Stat. (2014).

The statute states that the "the court shall make a written finding" about the listed items. § 943.0435(1)(a)2., Fla. Stat. (2014). Both the judge who presided over the original disposition hearing and the judge who presided over the violation of probation hearing are the court.

Nothing in the plain language of section 934.0435 limited the requirement or authority to make the statutory findings to the original sentencing judge. *See State v. Burris*, 875 So. 2d 408, 410 (Fla. 2004) ("[T]he statute's plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent." (citation omitted)).

The language of section 934.0435 is different than the language of the sexual predator statute, which specifically requires that the court make findings at the time of sentencing. *See* § 775.21(5)(a)1., Fla. Stat. (2014) (stating that "the court shall make a written finding at the time such offender is determined to be a sexually violent predator . . . "). That statute states that if the court did not make the required findings at the time of sentencing, the State must remove the offender from the registry. § 775.21(4)(c)1.–2., Fla. Stat. (2014). But if the findings are not made, the state attorney must be notified and "shall bring the matter to the court's attention in order to establish that the offender meets the criteria for designation as a sexual predator." § 775.21(4)(c)2., Fla. Stat. (2014). The court is provided authority to make written findings at that time. *Id.*; *see also* § 775.21(5)(a)3., Fla. Stat. (2014).

Section 943.0435(1)(a)2. requires that the court make certain findings. Here, the court made the required findings at the violation of probation disposition hearing. At that time, the juvenile admitted to violating probation and the court had the authority to "impose any sanction [it] could have imposed at the original disposition hearing." § 985.439(4), Fla. Stat. (2014).

Despite our affirmance of the court's imposition of the sexual offender registration requirement, we remand the case for the entry of a written order revoking the juvenile's post-commitment probation and specifying which conditions he violated. We have held that there are "no exceptions" to the rule that "[i]f a trial court revokes a defendant's probation, the court is required to render a written order noting the specific conditions of probation that were violated." *M.A.L. v. State*, 110 So. 3d 493, 498 (Fla. 4th DCA 2013) (quoting *Robinson v. State*, 74 So. 3d 570, 572 (Fla. 4th DCA 2011)); *see also* § 985.439(4), Fla. Stat. (2014) ("Upon the child's admission, . . . the court shall enter an order revoking, modifying, or continuing probation or postcommitment probation."). When the record does not contain such an order, "it is appropriate to remand for entry of a proper order." *M.A.L.,* 110 So. 3d at 498 (quoting *Robinson,* 74 So. 3d at 572); *see also K.M.A. v. State,* 125 So. 3d 1000, 1001 (Fla. 2d DCA 2013).

We affirm the court's imposition of the sexual offender registration requirement but remand for the entry of a written order revoking D.S.'s post-commitment probation and, based on his admission, specifying which probation conditions he violated. *See, e.g., Mills v. State,* 150 So. 3d 272, 273 (Fla. 2d DCA 2014); *R.B. v. State,* 805 So. 2d 75, 75 (Fla. 4th DCA 2002).

*Affirmed and remanded with instructions.*

GERBER, C.J., and CIKLIN, J., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

3