NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DALVON DEON LAWRENCE,           )
                                )
            Appellant,          )
                                )
v.                              )        Case No. 2D17-4071
                                )
STATE OF FLORIDA,               )
                                )
            Appellee.           )
_____)

Opinion filed June 19, 2019.

Appeal from the Circuit Court for Lee
County; J. Frank Porter, Judge.

Howard L. Dimmig, II, Public Defender, and
Christine Trakas Thornhill, Special
Assistant Public Defender, Bartow, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Donna S. Koch, Assistant
Attorney General, Tampa, for Appellee.


KHOUZAM, Judge.

Dalvon Lawrence was convicted of manslaughter and firing a gun into a

motor vehicle.  He appeals, primarily arguing that two State witnesses were improperly

allowed to testify that he had confessed his guilt to a fellow inmate.[1]  We agree that this was inadmissible hearsay, reverse the judgment, and remand for a new trial.

The State alleged that Lawrence fired a revolver in a park, and one of the bullets struck a nearby driver in the head.  The police had been unable to identify any suspects in the fatal shooting until Lawrence was apprehended in a police chase about a month after the fact for a seemingly unrelated incident.  He was carrying a revolver at the time of his arrest, and ballistic tests were initiated.  This testing revealed that Lawrence's gun was the one that shot the driver.  After more investigation, Lawrence was charged with manslaughter and shooting a firearm into a car.

At trial, the State introduced the ballistic test results for Lawrence's pistol and testimony from Lawrence's two friends who allegedly witnessed him firing it on the night of the fatality.  However, examination of these friends revealed that one had recanted his previous statements to police, the other had originally claimed ignorance of the shooting, and Lawrence may not have been the only person who fired the gun in the park.

Additionally, the State had intended to introduce the testimony of DaVonte Edwards, a prisoner who shared a jail pod with Lawrence.  Edwards had claimed that Lawrence confessed to him that he was responsible for the fatal shooting.  Edwards was interviewed about this claim by a state attorney's investigator and a sheriff's detective.  However, Edwards recanted before trial, claiming that he had lied to the state attorney's investigator and that he did not remember giving a statement to the sheriff's

---

[1]Lawrence also argues that documentation confirming that he shared a jail pod with DaVonte Edwards was inadmissible.  Because we are reversing on other grounds, we do not reach this issue.

detective.  Despite Edwards' recantation, the State still called Edwards to the stand at trial.  After Edwards testified before the jury and repeated his recantation, the State called the state attorney's investigator and the sheriff's detective to testify that Edwards had told them that Lawrence had confessed.  Lawrence objected on hearsay grounds, but the State successfully argued that the testimony was not hearsay because it fell under the identification exception to the hearsay rule.

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  § 90.801(1)(c), Fla. Stat. (2017).  "Except as provided by statute, hearsay evidence is inadmissible."  § 90.802.  As an exception, "[a] statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is . . . [o]ne of identification of a person made after perceiving the person."  § 90.801(2)(c).

The State first argues that the trial testimony of the interviewing investigators was not hearsay but fell under the identification exception of section 90.801(2)(c).  However, that section applies to situations in which "the declarant was an eyewitness or a victim who identified the alleged perpetrator soon after the crime or soon after coming into contact with him or her."  Jenkins v. State, 107 So. 3d 555, 556 (Fla. 1st DCA 2013) (quoting Davis v. State, 52 So. 3d 52, 54 (Fla. 1st DCA 2010)).  The usual "situation contemplated by the code and the case law is one where the victim sees the assailant shortly after the criminal episode and says, 'that's the man.' "  Ross v. State, 993 So. 2d 1026, 1028 (Fla. 2d DCA 2008) (quoting Stanford v. State, 576 So. 2d 737, 739 (Fla. 4th DCA 1991)); see also Ibar v. State, 938 So. 2d 451, 460-62 (Fla.

- 3 -

2006) (holding that the identification hearsay exception applies only to victims and witnesses to a crime).

It is clear that Edwards' statements to the interviewing investigators do not fall under the identification exception to the hearsay rules. Edwards was not present at the scene of the shooting, nor did he speak to Lawrence until over a month afterwards. It was therefore error to admit the testimony of the interviewing investigators under that exception.

Alternatively, the State argues that the interviewing investigators' testimony was not hearsay because it was offered to impeach Edwards, not for the truth of Lawrence's confession contained therein. While this argument was not raised at trial, "the appellee can present any argument supported by the record even if not expressly asserted in the lower court." State v. Hankerson, 65 So. 3d 502, 505 (Fla. 2011) (quoting Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 645 (Fla. 1999)).

However, this argument also fails because it was clear that the State intended to admit the officers' statements for the truth of the matter asserted. "[I]f a party knowingly calls a witness for the primary purpose of introducing a prior statement which otherwise would be inadmissible, impeachment should ordinarily be excluded." Bradley v. State, 214 So. 3d 648, 655 (Fla. 2017) (alteration in original) (quoting Morton v. State, 689 So. 2d 259, 264 (Fla. 1997), receded from on other grounds in Rodriguez v. State, 753 So. 2d 29 (Fla. 2000)). In determining this purpose, we consider "whether the witness's testimony surprised the calling party." Bleich v. State, 108 So. 3d 1132, 1133 (Fla. 5th DCA 2013). We also consider "(1) whether the witness's testimony affirmatively harmed the calling party, and (2) whether the impeachment of the witness

was of de minimis substantive value." Bradley, 214 So. 3d at 655-56 (citing Felton v. State, 120 So. 3d 126, 129 (Fla. 4th DCA 2013)). Here, the State knew before trial that Edwards had recanted but called him as a witness anyway. Furthermore, Edwards only testified that he lied or had no recollection of talking to investigators. He did not say anything affirmatively harmful to the State's case. Finally, the hearsay statements introduced to impeach Edwards were substantive confessions of Lawrence's guilt, which were extremely damaging to Lawrence. In fact, these statements were cited, albeit indirectly, as substantive evidence in the State's opening statement to the jury. It is therefore obvious that the State's true aim was to circumvent the hearsay rules. "Hearsay statements that are otherwise inadmissible do not become admissible as impeachment by the device of placing a witness on the stand to testify that he has no knowledge of the facts." Davis v. State, 539 So. 2d 555, 556 (Fla. 4th DCA 1989).

Having established that the testimony from the investigators who interviewed Edwards qualifies as inadmissible hearsay, we must determine whether admitting that hearsay into evidence amounted to harmless error. To succeed, "the beneficiary of the error [has the burden] to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986). "Application of the test requires an examination of the entire record . . . including a close examination of the permissible evidence . . . and . . . an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict." Id.

- 5 -

Here, we cannot say that Lawrence's alleged confession to Edwards did not contribute to his convictions. This is especially true considering that the confession was testified to by a sheriff's deputy and an investigator for the prosecutor, not by the prison inmate who called his own reliability into doubt on the stand. "[Law enforcement] officers, by virtue of their positions, rightfully bring with their testimony an air of authority and legitimacy. A jury is inclined to give great weight to their opinions. . . ." Salomon v. State, 267 So. 3d 25, 32 (Fla. 4th DCA 2019) (quoting Bowles v. State, 381 So. 2d 326, 328 (Fla. 5th DCA 1980)). And considering that Lawrence's two friends also admitted to lying at one time or another, we cannot say that the other evidence against Lawrence is overwhelming to the point of negating the effects of the hearsay errors. We therefore reverse Lawrence's convictions and remand for a new trial.

Reversed and remanded for new trial.


LaROSE, C.J., and SLEET, J., Concur.