DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**E.W.L.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-1358

[February 8, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Darren Steele, Judge; L.T. Case No. 432021CJ000138A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the final judgment but remand for correction of minor sentencing errors.

Appellant, a juvenile, appeals the disposition order adjudicating him delinquent and sentencing him to nonsecure residential treatment followed by probation. Defense counsel filed an *Anders* brief,[1] claiming there are no issues of arguable merit other than minor sentencing and scrivener's errors. *See Rashid v. State*, 932 So. 2d 1205, 1206 (Fla. 4th DCA 2006) (counsel may raise minor sentencing errors in *Anders* briefs).

Appellant raised these same errors in a Florida Rule of Juvenile Procedure 8.135(b)(2) motion. Although the trial court entered an order granting appellant's motion, the trial court did so past the thirty-day jurisdictional time limit, rendering the order a nullity. Fla. R. Juv. P. 8.135(b)(2)(B); *see also O.H. v. State*, 948 So. 2d 79, 80 (Fla. 2d DCA 2007)

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

(holding that order granting rule 8.135(b)(2) motion after thirty days was a nullity).

Therefore, while we affirm the order of disposition, we remand for the trial court to enter again an order correcting the minor sentencing errors and scrivener's errors as follows: 1) reducing the cost of prosecution to $100 in accordance with sections 985.032(2) and 938.27(8), Florida Statutes (2021); 2) entering an order of revocation of probation listing the conditions violated, *see M.A.L. v. State*, 110 So. 3d 493, 498 (Fla. 4th DCA 2013), and *D.S. v. State*, 267 So. 3d 414, 416-17 (Fla. 4th DCA 2019); 3) specifying the days of time served in secure detention before disposition; 4) showing that appellant entered a plea of admission to the violations of probation; 5) indicating that appellant was adjudicated delinquent as to Count One; and 6) indicating that the petition alleging appellant a delinquent child was filed on September 22, 2021.

*Affirmed and remanded.*

WARNER, GROSS and LEVINE, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

2