# First District Court of Appeal
## State of Florida

_____

No. 1D2023-1738
_____

MAURICE SEVIA STRUGGS JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Coleman L. Robinson, Judge.

August 21, 2024

ROWE, J.

Maurice Sevia Struggs Jr. appeals his judgment and sentence for fleeing or attempting to elude a law enforcement officer and driving while license suspended. He argues that the trial court erred in allowing the admission of identification testimony by a police officer. We affirm.

*Facts*

Deputy Karem Suhi received a notification to be on the look out for a small, black SUV. When he saw a SUV that matched that description, he tried to conduct a traffic stop. Suhi was driving a marked patrol car and activated his lights and sirens. The black SUV immediately sped up and ran a stop sign. Suhi began a high-

speed pursuit of the SUV. He followed the SUV as it weaved in and out of traffic, drove on the shoulder of the road, and crossed double yellow lines on a two-lane road. The SUV also forced on-coming traffic to move off the road. It then went into a residential area, reaching speeds up to ninety miles-per-hour. As Suhi prepared to conduct a maneuver to stop the SUV, the driver of the SUV slammed on the brakes and turned, causing Suhi's patrol car to collide with the back of the SUV. The collision disabled Suhi's patrol car. But other officers continued to chase the SUV.

Suhi described the driver as a black male with dreads, and identified the driver as Struggs. Over defense counsel's objections, Suhi testified that he previously had contact with Struggs. Suhi explained that he patrolled Struggs' residential subdivision for most of his career, and he talked to Struggs five or six times a year over about five years. While Struggs was in the back seat of an officer's vehicle, a dashcam video shows Suhi walking up to the vehicle and saying, "I knew it was you, I knew it was you." The video was played over defense counsel's objection.

After Struggs was taken into custody, he waived his rights and agreed to answer questions. Struggs nodded yes when the officer asked if Struggs' driver's license was bad. Struggs later admitted that he ran from the police because he knew he would go to jail if stopped.

The jury found Struggs guilty of fleeing or attempting to elude a law enforcement officer and driving while license suspended. The court sentenced Struggs to fifteen years in prison. This timely appeal follows.

*Analysis*

Struggs argues that the trial court reversibly erred when it allowed Deputy Suhi to testify about his prior contact with Struggs. Struggs contends that Suhi's testimony led to the inescapable conclusion that Struggs engaged in prior criminal acts. We review the trial court's ruling on the admissibility of evidence for an abuse of discretion. *McCray v. State*, 919 So. 2d 647, 649 (Fla. 1st DCA 2006). We review de novo the trial court's interpretation of the evidence code and applicable case law. *Id.*

2

"Under certain circumstances, a police officer's testimony about how the officer came to know a defendant may create a prejudicial inference that the defendant has a prior criminal history." *Spike v. State*, 251 So. 3d 1017, 1020 (Fla. 2d DCA 2018). For example, courts have found such testimony unduly prejudicial when the officer's sole role in the case was to identify the defendant and when the officer's testimony suggested prior bad acts. *See, e.g.*, *Day v. State*, 105 So. 3d 1284, 1286–88 (Fla. 2d DCA 2013) (holding that it was error to allow a police officer who was not involved in the investigation to identify the defendant from a surveillance video by stating that she had contact with the defendant as a community police officer, that she knew the defendant's street name, and that she learned his legal name by pulling up photos); *Johnson v. State*, 68 So. 3d 366, 367 (Fla. 1st DCA 2011) (holding that the admission of identification testimony from three law enforcement officers not present during the controlled buy was error when one officer said he knew the defendant for his entire law enforcement career and another officer said he knew the defendant from a prior investigation); *Alcantar v. State*, 987 So. 2d 822, 824–25 (Fla. 2d DCA 2008) (holding that an officer who monitored an audio transmission of a controlled buy, but did not witness it, should not have been allowed to testify that he knew the defendant for his entire twenty-three-year career in law enforcement and that he knew the defendant's street name).

Suhi testified that he knew Struggs because Struggs lived in an area that Suhi patrolled for most of his eleven-year career. Suhi explained that he had talked to Struggs five or six times a year for about five years. The trial court did not abuse its discretion in allowing Suhi's testimony because an officer's testimony that he is familiar with the resident of a neighborhood the officer patrols does not, by itself, imply the resident committed a prior bad act. *See Harrison v. State*, 775 So. 2d 423, 425 (Fla. 5th DCA 2001) (holding that a deputy's testimony about his preparation of a photographic line-up, which mentioned a check of the defendant's criminal history, did not impermissibly imply to the jury that the defendant had a prior criminal history, so as to warrant mistrial, where the prosecutor interrupted the deputy before the deputy could testify about the results of his check of the defendant's criminal history, and the question asked by the prosecutor was not

one which would have normally elicited a statement about any criminal history). Nothing in Suhi's testimony implied that Struggs had engaged in any prior bad acts.

Even so, Struggs also challenges another statement Suhi made that was captured in the other officer's dashcam video. Suhi can be heard saying, "I knew it was you, Maurice. I knew it was you." Struggs argues that the trial court erred in allowing the admission of this statement. We disagree. Suhi's statement in the video was properly admitted as a statement of identification. Section 90.801(2)(c), Florida Statutes, provides that "[a] statement is not hearsay if the declarant testifies at the trial or hearing and it subject to cross-examination concerning the statement and the statement is . . . [o]ne of identification of a person made after perceiving the person." This hearsay exception applies "if the declarant was an eyewitness or a victim who identified the alleged perpetrator soon after the crime or soon after coming into contact with him or her." *Jenkins v. State*, 107 So. 3d 555, 556 (Fla. 1st DCA 2013) (quoting *Davis v. State*, 52 So. 3d 52, 54 (Fla. 1st DCA 2010)).

Suhi was an eyewitness. He saw Struggs driving the SUV and Suhi engaged in the high-speed pursuit of the SUV. Shortly after his patrol car was disabled, Suhi went to the location where Struggs was detained. Suhi's immediate reaction to seeing Struggs in the backseat of the police vehicle was to say, "I knew it was you, Mauirce. I knew it was you driving." Suhi testified at trial and was subject to cross-examination. Thus, this statement on the video was properly admitted as a statement of identification.

But even if Suhi's testimony and his statement of identification on the video had not been admissible, any error in their admission would be harmless. The admission of prejudicial identification testimony from a law enforcement officer is subject to harmless error analysis. *Spike*, 251 So. 3d at 1020. When considering whether an error is harmless, this court must determine whether "there is a reasonable possibility that the error affected the verdict." *State v. DiGuilio*, 491 So. 2d 1129, 1139 (Fla. 1986). This test requires the court to examine the evidence on which the jury could legitimately rely and the impermissible evidence that might have influenced the jury's verdict. *Id.* at 1138.

4

Without objection, the State introduced a video depicting the high-speed chase and Struggs coming out of the area where the SUV involved in the chase was located. The jury was also presented with a redacted version of Struggs' interrogation where he confessed that he knew that his license was suspended, that he was driving the vehicle, and that he ran from the police because he did not want to go to jail. Under these facts, the effect of the testimony that Suhi knew Struggs from the area and his identification of Struggs in the dashcam video was harmless.

We, therefore, AFFIRM Struggs' conviction and sentence.

OSTERHAUS, C.J. and LONG, J., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jessica J. Yeary, Public Defender, and Kathleen Pafford, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Daren Shippy, Assistant Attorney General, Tallahassee, for Appellee.