855 So.2d 1180 (2003)
Cleveland BALDWIN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-4763.
District Court of Appeal of Florida, First District.
October 3, 2003.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant, and Appellant, pro se.
Charlie Crist, Attorney General, and Philip W. Edwards, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellate counsel filed a brief as permitted by In re Anders Briefs, 581 So.2d 149 (Fla.1991), noting that the written order of revocation of probation did not conform with the court's oral pronouncement. Appellant filed a pro se brief seeking reversal of the probation violation order because (1) the trial court failed to state in the written order of revocation the specific conditions he was found to have violated, and (2) no showing was made that he willfully violated the terms of his probation. Competent, substantial evidence supports the court's oral finding that appellant willfully violated his probation in a material respect by failing to make monthly reports to his probation officer between December 12, 2000, and April 4, 2001. We therefore affirm the revocation ruling. See State v. Carter, 835 So.2d 259, 261 (Fla.2002); Burgin v. State, 623 So.2d 575, 577 (Fla. 1st DCA 1993) (both stating that violation of the monthly reporting requirement is sufficient in and of itself to justify revocation).
Nevertheless, the written revocation order, which found appellant "in wilful violation of his probation as outlined in the affidavit," does not conform to the trial court's oral ruling. The affidavit alleged violations of eight conditions of probation and a violation of the restitution order, yet the trial court's oral findings support a violation of only Condition 1, which required appellant to make a full and truthful report to his probation officer by the fifth day of every month. The case is therefore remanded to the trial court for entry of a written order that conforms to the oral pronouncement. Appellant need *1181 not be present. See Cozart v. State, 823 So.2d 234 (Fla. 1st DCA 2002).
AFFIRMED in part and REMANDED in part for entry of a conformed order.
ERVIN, BARFIELD and ALLEN, JJ., concur.