PER CURIAM.
 

 Eddie Powell, Jr., appeals his convictions and sentences for kidnapping, burglary, assault, fleeing law enforcement, battery, resisting an officer, possession of cannabis, and leaving the scene of an accident. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 

 We reject appellant’s challenge to the trial court’s determination that appellant was competent to stand trial, but we remand with directions to the trial court to enter a written order adjudicating appellant competent,
 
 nunc pro tunc. See, e.g., Bailey v. State,
 
 931 So.2d 224, 225 (Fla. 1st DCA 2006);
 
 Martinez v. State,
 
 851 So.2d 832 (Fla. 1st DCA 2003);
 
 Hampton v. State,
 
 988 So.2d 108 (Fla. 2d DCA 2008).
 

 We reverse appellant’s conviction for Count XI, leaving the scene of an accident, because the state failed to establish the statutory elements of the offense. Appellant claimed in his motion for judgment of acquittal that the state had not presented evidence of damage to property or to another vehicle. Section 316.063(1), Florida
 
 *959
 
 Statutes (2005), entitled “[d]uty upon damaging unattended vehicle or other property,” provides:
 

 The driver of any vehicle which collides with, or is involved in a crash with, any vehicle or other property which is unattended,
 
 resulting in any damage to such other vehicle or property,
 
 shall immediately stop and shall then and there either locate and notify the operator or owner of the vehicle or other property of the driver’s name and address and the registration number of the vehicle he or she is driving, or shall attach securely in a conspicuous place in or on the vehicle or other property a written notice giving the driver’s name and address and the registration number of the vehicle he or she is driving, and shall without unnecessary delay notify the nearest office of a duly authorized police authority.
 

 (Emphasis added.)
 

 The statute provides that any driver who crashes into and damages an unattended vehicle or property has a duty to notify the owner of that property. The only pertinent evidence below was a photograph of the damage to the car appellant was driving, and testimony that he crashed into either a wooden barricade, a steel beam, or a culvert. There was no testimony about any damage to whatever object the vehicle hit, and there may have been none at all. Accordingly, the trial court erred as a matter of law by denying judgment of acquittal on Count XI.
 

 We affirm appellant’s remaining convictions and sentences without comment.
 

 Affirmed in part, reversed in part, and remanded.
 

 WEBSTER, PADOVANO, and ROWE, JJ., concur.