PER CURIAM.
 

 In this
 
 Anders
 

 [1]
 

 appeal, we affirm Appellant’s judgment and sentence, but remand for the trial court to correct the order revoking his probation. Although the State alleged that Appellant violated his probation by committing five new law offenses, the lower court found that the evidence supported revocation based only on the offense of resisting an officer with violence. The revocation order provides, however, that Appellant violated the conditions of his probation by committing all five offenses. We, therefore, remand for the trial court to correct the revocation order.
 
 See Washington v. State,
 
 37 So.3d 376 (Fla. 1st DCA 2010) (affirming a judgment and sentence in an
 
 Anders
 
 appeal but remanding for the court to correct a revocation order reflecting the appropriate condition violated);
 
 Leggs v. State,
 
 27 So.3d 155 (Fla. 1st DCA 2010) (affirming, in an
 
 Anders
 
 appeal, the appellant’s judgment and sentence, but remanding with directions that the trial court enter an order specifying the conditions of probation violated). Appellant need not be present.
 
 See Baldwin v. State,
 
 855 So.2d 1180 (Fla. 1st DCA 2003) (remanding for entry of a written revocation order conforming to the oral pronouncement in an
 
 Anders
 
 appeal).
 

 AFFIRMED and REMANDED.
 

 THOMAS, WETHERELL, and SWANSON, JJ„ concur.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).