PER CURIAM.
 

 This consolidated
 
 Anders
 

 [1]
 

 appeal arises from two separate judgments and sentences. We affirm both judgments and sentences but remand for the trial court to correct the order of revocation of probation in one case and to enter a formal, written order of revocation of probation in the other. In case number 09-260, the
 
 *869
 
 order fails to specify the new law offenses that led to the revocation of Appellant’s probation. Therefore, it must be corrected.
 
 See Nickolas v. State,
 
 66 So.3d 1077, 1077 (Fla. 1st DCA 2011) (affirming but remanding for entry of a revocation order conforming to the trial court’s oral pronouncements). In case number 09-213, the trial court neglected to enter an order revoking Appellant’s probation, even though the court orally found that Appellant willfully and substantially violated his probation. A formal, written order of revocation is required even when the record clearly reflects the trial court’s intention to revoke probation and its reasons for doing so.
 
 See Robinson v. State,
 
 74 So.3d 570, 572 (Fla. 4th DCA 2011) (recognizing the requirement that the trial court enter a formal, written order of revocation of probation). Based on these considerations, we remand for entry of revocation orders consistent with the trial court’s oral pronouncements in both cases. Appellant need not be present for the correction and entry of the orders.
 
 See Nickolas,
 
 66 So.3d at 1077.
 

 AFFIRMED and REMANDED.
 

 BENTON, C.J., ROWE, and RAY, JJ., concur.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).