PER CURIAM.
In this Anders[1] appeal, we affirm Appellant’s judgment and sentence, but remand for the trial court to correct the order revoking his probation. Although the State alleged in its September 18, 2012, affidavit that Appellant violated his probation by committing one new law violation on June 19, 2012, and two new law violations on June 23, 2012, the lower court found that the evidence supported revocation based only on the June 23, 2012, violations. The revocation order provides, however, that Appellant violated the conditions of his probation as alleged in the September 18, 2012, affidavit. We, therefore, remand for the trial court to correct the revocation order. See Nickolas v. State, 66 So.3d 1077 (Fla. 1st DCA 2011) (affirming a judgment and sentence in an Anders appeal but remanding for the court to correct revocation order which erroneously based revocation on all five new law violations charged where court only found evidence supported 1 new law violation); Washington v. State, 37 So.3d 376 (Fla. 1st DCA 2010) (affirming a judgment and sentence in an Anders appeal but remanding for the court to correct a revocation order reflecting the appropriate condition violated); Leggs v. State, 27 So.3d 155 (Fla. 1st DCA 2010) (affirming, in an Anders appeal, the appellant’s judgment and sentence, but remanding with directions that the trial court enter an order specifying the conditions of probation violated). Appellant need not be present. Nickolas, 66 So.3d at 1077 (citing Baldwin v. State, 855 So.2d 1180 (Fla. 1st DCA 2003) (remanding for entry of a written revocation order conforming to the oral pronouncement in an Anders appeal)).
AFFIRMED and REMANDED.
ROBERTS, WETHERELL, and OSTERHAUS, JJ„ concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).