IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANTHONY KEITH COUNCIL,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1366

Opinion filed December 12, 2016.

An appeal from the Circuit Court for Bay County.
Brantley S. Clark, Jr., Judge.

Nancy A. Daniels, Public Defender, Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Sharon S. Traxler, Assistant Attorney General, Trisha Meggs Pate, Bureau Chief-Tallahassee, Criminal Appeals, Office of the Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant appeals his revocation of probation on two grounds: Whether the trial court erred in failing to enter a written order revoking probation, and whether the trial court abused its discretion in imposing sentences that violate the statutory

maximum in his related case, Council v. State, 1D15-4382. Because Appellant is being resentenced pursuant to our holding in 1D15-4382, we do not need to decide whether his sentences are illegal.

As to the first issue, under this court's holding in Fowler v. State, 79 So. 3d 868, 869 (Fla. 1st DCA 2012), "[a] formal, written order of revocation is required even when the record clearly reflects the trial court's intention to revoke probation and its reasons for doing so." Here, because the trial court failed to enter a written order specifying the probationary conditions Appellant violated which justified revoking his probation, we reverse for the trial court to enter a formal, written order of revocation, after Appellant is resentenced.

AFFIRMED in part, REVERSED in part, and REMANDED.

B.L. THOMAS, RAY, and OSTERHAUS, JJ., CONCUR.