PER CURIAM.
Jarrod Ray Ross appeals his judgments and sentences in six 2014 cases and the order revoking his probation in two 2012 cases based on the new law offenses in the 2014 cases. His appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After our independent review of the record, we find no reversible error and affirm Ross’s judgments and sentences and the revocation of his probation. However, for the reasons that follow, we remand for the trial court to correct the *1150 revocation order to conform to the court’s oral pronouncement of the conditions violated by Ross. See Nickolas v. State, 66 So.3d 1077 (Fla. 1st DCA 2011) (affirming Anders appeal but remanding for correction of written order of revocation of probation to conform to the oral pronouncement of the conditions violated).
The revocation order states that Ross was found guilty of violating “conditions VII-XIV,” but the trial court stated at the sentencing hearing that Ross was not being found guilty of the new law offenses that were dismissed by the State, which correspond to alleged violations VI, VII, and XIII. Additionally, the “conditions” listed by the trial court are actually counts in the second amended affidavit of violation of probation, all of which were alleged to be violations of standard condition of probation number (5) requiring Ross ¡to “live without violating any law.”
Accordingly, on remand, the trial court shall correct the revocation order to conform to the oral pronouncement and reflect that Ross was found guilty of violating condition (5), as alleged in counts VIII-XII and XIV of the second amended affidavit of violation of probation. Ross need not be present for this ministerial act. See id.
AFFIRMED and REMANDED for entry of corrected order.
WETHERELL, BILBREY, and JAY, JJ., CONCUR.