NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHNTAY AMOS DORTCH,            )
DOC #Y03027,                   )
                               )
        Appellant,             )
                               )
v.                             )        Case No. 2D16-2407
                               )
STATE OF FLORIDA,              )
                               )
        Appellee.              )
_____)

Opinion filed April 13, 2018.

Appeal from the Circuit Court for Lee
County; J. Frank Porter, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard P. Albertine, Jr., Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford
Taylor, Assistant Attorney General,
Tampa, for Appellee.

ROTHSTEIN-YOUAKIM, Judge.

        Johntay Amos Dortch appeals the judgment and sentence entered after a

jury found him guilty of fleeing or attempting to elude a law enforcement officer by

driving at high speed or with wanton disregard for the safety of other persons or

property (count one), resisting an officer without violence (count two), leaving the scene

of a crash causing damage to other attended property (count three), and driving without a valid driver license (count four). Following our independent review of the record pursuant to Anders v. California, 386 U.S. 738 (1967), we ordered supplemental briefing addressing the sufficiency of the evidence on count three, and we now reverse Dortch's conviction on that count.

Dortch argues that the trial court erred in denying his motion for judgment of acquittal on count three because the evidence failed to establish that the crash caused any damage to the attended building identified in the operative information. See § 316.061(1), Fla. Stat. (2015). The State appropriately concedes error—neither the officers' testimony nor the dash camera video demonstrated that the building sustained any damage when Dortch's vehicle collided with it. See Bonner v. State, 138 So. 3d 1101, 1102 (Fla. 1st DCA 2014) (holding that State failed to prove violation of probation based on new law offense because affidavit alleged damage but not injury but evidence at hearing suggested personal injury but failed to establish damage to vehicle or property); Powell v. State, 28 So. 3d 958, 958-59 (Fla. 1st DCA 2010) (reversing conviction under section 316.063(1), Florida Statutes (2005), because there was no competent, substantial evidence of damage to property or to another vehicle). Accordingly, we affirm the judgment and sentences as to counts one, two, and four but reverse as to count three.

Affirmed in part; reversed in part.

KELLY and CRENSHAW, JJ., Concur.