# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Nos. 1D17-5163
1D17-5164

_____

C. T. T., a child,

  Appellant,

  v.

STATE OF FLORIDA,

  Appellee.

_____

On appeal from the Circuit Court for Duval County.
Eric C. Roberson, Judge.

July 9, 2018

PER CURIAM.

  C.T.T. appeals the findings of guilt as to his commission of new law offenses, as well as his violation of probation based on these offenses; we consolidate these appeals for disposition. We affirm the findings of guilt for aggravated fleeing and grand theft auto without further comment, reverse the finding of guilt for leaving the scene of an accident involving damage to unattended property, and remand for correction of the order revoking probation.

  C.T.T. was charged with violating section 316.063(1), Florida Statutes, which imposes duties on drivers who collide with, and damage, unattended vehicles or property; the unattended

property C.T.T. was alleged to have damaged was a tree. At trial, the State proved that C.T.T. fled erratically when law enforcement pursued him. Law enforcement was forced to call off the pursuit for safety reasons, but found the stolen car crashed into a tree shortly after. C.T.T. was found hiding near a house, and asked for the return of his shoes, which lay near the crashed car. While the evidence is sufficient to show that C.T.T. collided with the tree and fled, the State concedes that no evidence was admitted indicating any damage to the tree. *See Powell v. State*, 28 So. 3d 958, 959 (Fla. 1st DCA 2010) (reversing finding of guilt for violating section 316.063(1) where there "was no testimony about any damage to whatever object the vehicle hit"). Although C.T.T. did not preserve this argument at trial, fundamental error exists when the evidence is insufficient to show the commission of any crime. *See F.B. v. State*, 852 So. 2d 226, 227 (Fla. 2003). Because no statute prohibits leaving the scene of a collision where the property struck was undamaged, this finding of guilt must be reversed.*

The order revoking C.T.T.'s probation references a petition for violation of probation and states that C.T.T. was found in violation at a hearing, but does not identify the new law offenses the revocation is based on, and must be corrected. *See Fowler v. State*, 79 So. 3d 868, 869 (Fla. 1st DCA 2012); *Robinson v. State*, 74 So. 3d 570, 572 (Fla. 4th DCA 2011).

AFFIRMED in part, REVERSED in part, and REMANDED with instructions to correct the order revoking probation.

WETHERELL, ROWE, and WINOKUR, JJ., concur.

---

* C.T.T. does not argue that he should be resentenced, and we see no reason that resentencing is necessary.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, and Jasmine Russell, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.